**In re Edward Lee MASTIN.**

No. 18628.

Court of Civil Appeals of Texas, Dallas.

March 24, 1975.

George S. McKearin, III, Dallas, for appellant.

Henry Wade, Dist. Atty., Fred M. Talkington, Asst. Dist. Atty., Dallas, for appellee.

GUITTARD, Justice.

This appeal was taken from an order of one of the probate courts of Dallas County adjudging appellant to be mentally ill and committing him to Terrell State Hospital for observation and treatment for a period not exceeding ninety days. The probate court, sitting without a jury, filed findings of fact to the effect that appellant is a mentally ill person, that he represents a danger to other people, that he is a threat to his own welfare and protection as well as to the welfare and protection of others, and that he requires observation and treatment in a mental hospital.[1] The principal question is whether the evidence supports these findings. We hold that the evidence is sufficient and, accordingly, we affirm the order of commitment.

1. These findings show compliance with Tex. Rev.Civ.Stat.Ann. art. 5547–38(b) (Vernon's 1958), which provides as follows:

If upon the hearing the court finds that the proposed patient is mentally ill and requires observation and/or treatment in a mental hospital for his own welfare and protection or the protection of others, the court shall order that the mentally ill person be committed as a patient for observation and/or treatment in a mental hospital for a period not exceeding ninety (90) days.

The Mental Health Code does not prescribe the standard of proof applicable in cases of involuntary commitment of mentally ill persons. Appellant contends that the standard must be proof beyond a reasonable doubt, as in criminal cases, since the effect of the order is to deprive the person of his liberty, citing In re Ballay, 157 U.S.App.D.C. 59, 482 F.2d 648, 669 (D.C.Cir. 1973); and Lessard v. Schmidt, 349 F.Supp. 1078, 1095 (E.D.Wis.1972). The State concedes that the standard is stricter than the usual civil standard of proof by a preponderance of the evidence, but suggests that the standard should be proof by "clear, unequivocal, and convincing evidence," citing Lynch v. Baxley, 386 F.Supp. 378 (M.D.Ala.1974). We need not decide this question, since we find that the evidence is sufficient under any standard of proof, and we presume, in the absence of a complaint to the contrary, that the trial court applied the correct standard.

The evidence is substantially undisputed. The proceeding was commenced by an application for emergency hospitalization filed by a neighbor, Gracie E. Brantley. Mrs. Brantley testified that appellant is subject to "temper tantrums," and she related several acts of violence to herself and her son, Philip, though none resulted in serious physical injury. Philip Brantley's testimony was similar, and he also testified that appellant threatened him on one occasion with a knife and on another occasion with a pistol. Dr. James Schreiber, a psychiatrist, testified that he had examined appellant and had diagnosed his condition as "depressive psychosis," which he said, is a mental illness. He said that the acts of violence related in the testimony of Mrs. Brantley and her son commonly occur in this type of illness. In Dr. Schreiber's opinion, appellant is not treatable on an outpatient basis, and is a danger both to himself and to others. Based on his observation and diagnosis, Dr. Schreiber recommended that appellant be hospitalized for treatment.

Appellant took the stand, but did not contradict any of this testimony.

We conclude that the evidence is clear, unequivocal, and convincing, and that it is sufficient to justify a finding beyond a reasonable doubt that appellant is mentally ill and requires observation and treatment in a mental hospital for his own welfare and protection and for the protection of others.

Appellant also contends that he has been deprived of his liberty without due process of law because Tex.Prob.Code Ann. § 5 (Vernon's Supp.1974), as amended in 1973, provides for an appeal directly to the court of civil appeals without any trial de novo in the district court. He argues that in the normal course of handling an appeal to the court of civil appeals, the ninety-day commitment period would expire before his appeal is heard, thus depriving him of any effective review. He admits that after a trial de novo in the district court he would have had the same problem in prosecuting a further appeal to this court, but he asserts that his rights would be better protected by a prompt trial de novo, even though that process would further delay ultimate disposition of the case on appeal to this court.

We find no merit in this contention. The record does not show unreasonable delay. The application for emergency hospitalization was filed January 27, 1975. The hearing was held in the probate court on January 31, and the order committing appellant to the hospital for a period not exceeding ninety days was signed on that date. The record was filed in this court on February 27. Appellant's motion to advance was granted, and oral argument was heard on March 20. Appellant does not contend that he has actually suffered such a delay as to deprive him of his liberty without due process of law. He has no standing to complain that other appellants might not be heard so promptly.

Affirmed.