**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Doyle R. HUDDLESTON, Ind. and as next friend of Michael Glen Huddleston, a minor, Appellees.**

No. 18655.

Court of Civil Appeals of Texas, Dallas.

Sept. 11, 1975.

Henry Wade, Dist. Atty., Ronald D. Hinds, Asst. Dist. Atty., Dallas, for appellant.

Wm. R. Springfield, Cruce & Springfield, Inc., Mesquite, for appellees.

AKIN, Justice.

This is an appeal by the Texas Department of Public Safety from a judgment of a county court at law ordering the Department to grant a hardship driver's license to plaintiff's fifteen-year old son pursuant to Tex.Rev.Civ.Stat.Ann. art. 6687b, § 12(d) (Vernon Supp.1973). We do not reach the merits of this appeal because the case became moot when plaintiff's son attained sixteen years of age on July 30, 1975, and eligible, therefore, for a regular license under § 11(a) of the statute.

The Department contends that the case is not moot, in view of the decision in *Department of Public Safety v. Austin,* 163 Tex. 280, 354 S.W.2d 376 (1962). It argues that the Department is effectively denied a right of appeal from the adverse judgment of the trial court because the time required by the trial and appellate process. We cannot agree. The order of the trial court was entered on December 19, 1974, after a nonjury trial. Instead of appealing immediately to this court pursuant to Tex.R.Civ.P. 324, the Department chose to file a motion for new trial with the trial court on December 23, 1974. No attempt was made by the Department to obtain a hearing and ruling on its motion for a new trial. It was overruled by operation of law on February 6, 1975. On March 8, 1975, fifty-seven days after judgment, the record was filed in this court. No motion to advance was filed until May 8, 1975. If the Department had acted promptly in prosecuting its appeal, we could have heard and decided this matter on the merits before it became moot. See *In re Mastin,* 521 S.W.2d 150, 152 (Tex. Civ.App.—Dallas 1975, no writ) (decided within two months after rendition of the trial court's judgment).

Furthermore, the Department never issued the hardship license ordered by the trial court because the judgment was superseded by this appeal. *Ammex Warehouse Co. v. Archer,* 381 S.W.2d 478 (Tex.1964); see Tex.R.Civ.P. 364. Thus, the appeal itself has prevented enforcement of the trial court's order as effectively as a reversal by

this court, and our opinion would have no practical effect. We hold, therefore, that this controversy is moot. *Boston v. Garrison,* 152 Tex. 253, 256 S.W.2d 67 (1953).

Appeal dismissed.