**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Orlando Simon DE LOS SANTOS, Appellee.**

**No. 1820.**

Court of Appeals of Texas, Corpus Christi.

Sept. 28, 1981.

H. R. Lockington, 1st Asst. County Atty., Corpus Christi, for appellant.

Robert J. Vargas, Robstown, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is a driver's license suspension case. A hearing was held in Justice of the Peace Court, Precinct No. 5, Nueces County, Texas, on June 12, 1980. That court found that appellee, Orlando Simon De Los Santos, had violated a restriction of his operator's license. Based on this finding, appellant, the Texas Department of Public Safety, entered an order suspending De Los Santos' license and driving privileges. De Los Santos timely perfected his appeal to the County Court at Law. This suspension was automatically abated pending the appeal. By statute, the appeal was a trial de novo. [Tex.Rev.Civ.Stat.Ann., Art. 6687b § 22(c), 1975].

On November 23, 1977, the Department issued De Los Santos a Texas operator's license with an expiration date of July 26, 1980. This license contained a restriction which allowed De Los Santos to drive only when a licensed driver was present in the motor vehicle. On August 1, 1979, De Los Santos was found to have been in violation of this restriction, and on June 12, 1980, his license was suspended. Five days before the license expiration date, and during the pendency of his appeal to the County Court at Law, De Los Santos applied to the Texas Department of Public Safety for an unrestricted license. This application was granted, and the unrestricted license was issued. After obtaining his unrestricted license, De Los Santos petitioned the County Court at Law to dismiss the case as moot. His contention was that since his restricted license (the one which was suspended) had expired, there could be no suspension. The County Court at Law agreed and entered its order of dismissal. The Department appeals.

In its only point of error, the Department contends that the trial court erred in granting De Los Santos' Motion to Dismiss for Want of Jurisdiction Due to Mootness. The Department argues that the renewal of De Los Santos' license before its expiration kept the license suspension viable, and the appeal of the suspension order was not moot.

In support of his contention of mootness, De Los Santos cites to us the case of *Boston v. Garrison*, 256 S.W.2d 67 (Tex.1953). In the *Boston* case, appellant had appealed an order suspending his license. During this appeal, and a few days before the expiration of his license, appellant made application to the Department to renew his license. The renewal was denied, and the license expired. The appellant then amended his pleading to include a cause of action against the Department for denying the renewal of his license. Upon reaching the Supreme Court, that Court held that appellant's cause of action, insofar as it related to the order of the Department suspending his license, was moot. The Court reasoned that the license expired by its own terms regardless of the validity or invalidity of the Department order suspending the license. The Court stated further that the appeal taken by the appellant from the order suspending his license did not have the effect of extending the license beyond the one-year term.

**624**

The present case is distinguishable from *Boston*. In *Boston*, the license involved had expired during the appeal. In this case, the license did not lapse because of a timely renewal. A license may be extended from time to time by proper application for a renewal. However, when there is no timely renewal, then the license expires and a new license and the requirements to obtain such are necessary in order to entitle one to operate a motor vehicle legally. See *Texas Department of Public Safety v. Austin*, 354 S.W.2d 376 (Tex.1962). In the present case, De Los Santos applied for and was granted a license on July 21, 1980. This was five days before the expiration of the license. Thus, De Los Santos' license did not expire.

▮ De Los Santos' driving privilege was not interrupted. It is therefore subject to a trial (de novo) in the County Court at Law concerning the suspension for the violation which occurred before the renewal. Had the suspension ended with the expiration date of the license, as De Los Santos contends, the legislative purpose of the statute would be circumvented. It would be impossible under this theory for the Department to suspend a person's driving privilege for an amount of time authorized by statute if the license were to expire sooner. We hasten to note that what is suspended as a result of the violation is the privilege of driving and not the license, which is merely documentation that its holder may lawfully operate a motor vehicle. See *Preble v. State*, 402 S.W.2d 902 (Tex.Cr.App.1966).

The dismissal of this case in the County Court at Law resulted in voiding the order of suspension. To hold this case moot would effectively nullify the right of the Department to appeal from such an adverse decision of the original trial court or to enforce a suspension that had been properly ordered due to a lapse of time incident to court procedure. Accordingly, we hold that the appeal from the suspension order is not moot.

The judgment of the trial court is reversed and the case is remanded to the County Court at Law for a trial on the merits.