**DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Virgil Cline AUSTIN, Appellee.**

**No. 7070.**

Court of Civil Appeals of Texas.

Amarillo.

July 17, 1961.

Rehearing Denied Sept. 5, 1961.

Alton R. Griffin, County Atty. and E. M. Fulton, Jr., Asst. County Atty., Lubbock, for appellant.

Treadaway & Blumrosen, Lubbock, for appellee.

DENTON, Chief Justice.

This is an appeal from a judgment of the County Court at Law of Lubbock County, Texas, which set aside the Department of Public Safety's order of suspension of appellee's operator's license. The trial court, without the intervention of a jury, held there was insufficient evidence to support the Department's order suspending Austin's operator's license. The Department of Public Safety perfected this appeal from that judgment. The Department brings forward two points of error. No brief has been filed by the appellee.

The record indicates appellee, Virgil Cline Austin, was originally issued a Texas chauffeur's license No. 0194253 on May 29, 1942. At all times material to this case he was the licensee of Texas operator's license No. 0194253, which was to expire February 24, 1961. On December 12, 1959 the judge of the corporation court of Lubbock awarded an affirmative finding under Article 6687 b, Sec. 22, Vernon's Ann. Revised Civ. St., that Austin was an habitual violator of the traffic law. On this same date the Department suspended his license for a period of six months. No appeal was taken from that order of suspension. On May 21, 1960 Austin was convicted of speeding in Lamb County, Texas. On July 28, 1960 the judge of the same corporation court awarded another affirmative finding that Austin was an habitual violator. On August 5, 1960 the Department issued an order suspending Austin's operator's license for a period of six months effective August 8, 1960. It is from this latter suspension order that Austin perfected his appeal to the County Court at law under authority of Section 31 of Article 6687b. The judgment of the County Court at Law restoring Austin's operator's license was entered November 1, 1960. After the Department's·motion for new trial was overruled on November 18, 1960, this appeal was timely perfected and in due course appellant's brief was filed in this court on January 14, 1961.

In our opinion the questions presented in this case are moot. Austin's license expired by its own terms on February 24, 1961. The transcript and statement of facts were filed in this court on November 25, 1960 and by leave of the court appellant's brief was filed January 14, 1961. Under the rules of procedure this court would not have had the opportunity to decide this appeal prior to February 24, 1961, the expiration date of appellee's license. The Supreme Court in Boston v. Garrison, 152 Tex. 253, 256 S.W.2d 67, 69, held "* * * there is no provision in this Section (Sec. 31 of Art. 6687b) or elsewhere in the Act that the appeal shall extend the life of the license beyond the term for which it was issued." See also Hoover v. Texas Dept. of Public Safety, Tex.Civ.App., 305 S.W.2d 228 (no writ history); Stogner v. State

of Texas, Tex.Civ.App., 309 S.W.2d 470 (no writ history).

The record also contains an affidavit by the custodian of the Drivers and Vehicle Records Division of the Department to the effect that the appellee was issued Texas Operator's License No. 0194253 on February 24, 1961, to expire on February 24, 1963. The Department recognized the rule laid down in Boston v. Garrison, supra, when it re-issued appellee's operator's license for a period of two years. This rule of law must apply regardless of which party seeks relief by perfecting an appeal. We think this case became moot on February 24, 1961 and the act of the Department in re-issuing appellee's license upon his application for an additional period of two years at a time when this case was on appeal in this court strengthens this conclusion.

The case being moot, this appeal will be dismissed.

Dismissed.

(Justice CHAPMAN not participating).