DEPARTMENT OF PUBLIC SAFETY OF THE STATE OF TEXAS,
Petitioner

v.

VIRGIL CLINE AUSTIN, Respondent

No. A-8643. Decided February 28, 1962
354 S.W. 2d 376

*Alton R. Griffin,* County Attorney, *E. M. Fulton, Jr.,* Asst.
County Atty., Lubbock, *Will Wilson,* Atty. Gen., *Leon F. Pesek*
and *Tom I. McFarling,* Assts. Atty. Gen., Austin, for petitioner.

*Treadaway & Blumrosen,* Lubbock, for respondent.

MR. JUSTICE CULVER delivered the opinion of the Court.

On December 12, 1959, Austin's chauffeur's license was suspended for a period of six months pursuant to Article 6687b, Sec. 22, Subsection b(4). On May 21 Austin was convicted in the Justice of Peace Court for speeding. Therefore, he committed not only the offense of "speeding", but also the offense of "driving while license suspended", as well. On August 8, 1960, the Department, after an administrative hearing as provided under Sec. 22-1a, Article 6687b, Vernon's Civil Statutes, entered its order again suspending Austin's license for a period of six months. On appeal the County Court at Law held there was insufficient

evidence to support the Department's order of suspension. On February 24, 1961, the Department renewed the operator's license. Thereafter the Court of Civil Appeals dismissed the appeal of the Department of Public Safety on the ground that the case had become moot. 348 S.W. 2d 854.

■ In that respect we are of the opinion that the Court of Civil Appeals erred. The Court based its decision on our holding in Boston v. Garrison, 152 Texas 253, 256 S.W. 2d 67. In that case the license had expired and an application for renewal had been refused. Therein lies the distinction. In this case the Department taking note of the judgment of the County Court at Law and pending appeal therefrom, had issued a renewal license to Austin upon his application and thus followed the rule announced in Texas Department of Public Safety v. Azar, 1954, Texas Civ. App., 274 S.W. 2d 911, error refused n.r.e., namely that the only restriction that may be placed on the renewal of a license, according to the statute, is that the department must renew the license without an examination, unless it has reason to believe that licensee is no longer qualified. Under the provisions of Sec. 18, Article 6687b, as construed in Azar, the Department had no alternative but to renew Austin's license.

When Austin appealed from the order of the Department suspending his license the suspension of the license was itself suspended until a final judgment was rendered. Article 6687b, Sec. 22(c).

The only reaonable construction of Article 6687b, Sec. 18, is that the original license can be extended from time to time by proper application for a renewal, but where there is no timely renewal then the license expires and a new license is required to enable one to operate motor vehicles legally upon the highways.

In Boston v. Garrison, the appeal was from a judgment of the District Court upholding the suspension. A reversal of that judgment would have accomplished no more than to terminate a suspension that had already terminated by its own terms. In the case here the suspension was set aside by the County Court and the dismissal by the Court of Civil Appeals would result in the suspension being finally made null and void. See Isbell v. Brown, Texas Civ. App., 196 S.W. 2d 691, wr. ref. To hold this case moot would effectively nullify the right of the Department to appeal from such an adverse decision of the trial court, or to enforce a suspension that had been properly ordered due to the lapse of time incident to court procedure.

Incidentally the respondent filed no brief in the Court of Civil Appeals nor one in this Court, nor did he appear by counsel when the cause was submitted. An amicus curiae challenges the jurisdiction of this Court. We have jurisdiction under Sec. 3 of Art. 1728, V.A.C.S., since the case involves the construction of a statute necessary to a determination of the case.

The judgment of the Court of Civil Appeals is reversed and the cause remanded to that court for a decision upon the merits of the appeal.

Opinion delivered February 28, 1962.