**DEPARTMENT OF PUBLIC SAFETY, Appellant,**

**v.**

**Virgil Cline AUSTIN, Appellee.**

**No. 7070.**

Court of Civil Appeals of Texas.

Amarillo.

Sept. 4, 1962.

Will Wilson, Atty. Gen., Tom I. McFarling, Asst. Atty. Gen., Austin, for appellant.

Treadaway & Blumrosen, Lubbock, for appellee.

DENTON, Chief Justice.

On July 17, 1961, this court rendered an opinion holding that the case was moot and the appeal was dismissed, 348 S.W.2d 854. The Supreme Court granted a writ and on February 28, 1962, reversed this court's judgment holding the case was not moot and remanded the cause to this court for a decision upon the merits, 354 S.W.2d 376. In keeping with that Supreme Court decision, the cause will be considered upon its merits.

The record indicates that appellee, Virgil Cline Austin, was originally issued a Texas chauffeur's license No. 0194253 on May 29, 1942. At all times material to this case, he was the holder of Texas operator's license No. 0194253, which was to expire February 24, 1961. On December 12, 1959, the judge of the Corporation Court of Lubbock awarded an affirmative finding under Article 6687b, Section 22, Vernon's Ann. Civ.St. that Austin was a habitual violater of the traffic law. On this same date the Department suspended his license for a period of six months. No appeal was taken from that order of suspension. On May 21, 1960, Austin was convicted of "speeding" in Lamb County, Texas. On July 28, 1960, the judge of the same corporation court awarded another affirmative finding that Austin was a habitual violater. On August 5, 1960, the Department issued an order suspending Austin's operator's license for a period of six months beginning August 8, 1960. It is from this latter suspension order that Austin perfected his appeal to the County Court at Law under authority of Section 31 of Article 6687b. The trial court, without the intervention of a jury, held there was insufficient evidence to support the Department's order suspending Austin's driver's license. The Department of Public Safety perfected this appeal from that judgment.

It is the contention of the Department that the subsequent suspension was authorized upon the showing that Austin had been convicted of a moving traffic violation during the period of the original suspension; and that the evidence was sufficient to support the Department's subsequent suspension order.

Article 6687b, Section 22(b) provides in part:

"The authority to suspend the license of any operator, commercial operator, or chauffeur as authorized in this Section is granted the Department upon determining after proper hearing as hereinbefore set out that the licensee:

"1. Has committed an offense for which automatic suspension of license is made upon conviction;"

Section 24 of the same article provides for the automatic suspension of a driver's license upon the licensee being convicted of certain named offenses. Section 24(c) provides:

"The suspension of any license shall be automatically extended upon licensee being convicted of operating a motor vehicle while the license of such person is suspended; such extended period of suspension to be for a like period as the original suspension, and is in addition to any other penalty assessed, as provided in this Act."

Section 24 deals with the automatic suspension of driver's licenses upon conviction of certain offenses, while Section 22 permits the Department to file a petition seeking an affirmative finding that a licensee has committed certain offenses not named for automatic suspension. It is to be noted that that portion of Section 22(b) (1) quoted, supra, does refer generally to offenses *committed* for which automatic suspension is provided. Thus, Sections 24 and 22(b) are correlated and under proper circumstances are to be considered together. Here the Department chose to proceed under Section 22 and sought an affirmative finding before ordering the subsequent suspension of Austin's license. The allegation that Austin "committed" an offense of "speed-

ing" is tantamount to the allegation that he was operating a motor vehicle while his license was suspended. By committing the offense of speeding on May 21, 1960, Austin was necessarily driving while his license was suspended. He thereby committed an offense for which his license could have been automatically suspended, Section 22(b) (1).

As stated in Texas Department of Public Safety v. Gil (Civ.App.) 292 S.W.2d 832 (NWH),

> "It is not required that the alleged offending party must have been convicted of the offense charged before an affirmative finding may be made but only that he has committed such offense— a matter to be proved by evidence at the hearing."

In remanding this case to this court for a decision upon the merits, the Supreme Court said, "On May 21st Austin was convicted in the Justice of the Peace Court for speeding. Therefore, he committed not only the offense of 'speeding', but also the offense of 'driving while license suspended', as well."

■ From the record it is uncontradicted that Austin's operator's license had been suspended on December 12, 1959 for a period of six months; that no appeal had been taken from such suspension order; that he was convicted of speeding during the period of that suspension; and that after an affirmative finding on July 28, 1960, the Department again ordered a suspension of Austin's license. We are convinced this is ample evidence to support the Department's suspension order dated August 5, 1960.

The judgment of the trial court is accordingly reversed and rendered.