**TEXAS ALCOHOLIC BEVERAGE COM-
MISSION, Appellant,**

v.

**Carl E. CARLIN, d/b/a White Room,
Appellee.**

**No. 7232.**

Court of Civil Appeals of Texas,
Beaumont.

May 13, 1971.

Rehearing Denied June 10, 1971.

Crawford C. Martin, Atty. Gen., Larry J. Craddock, Earl S. Hines, Asst. Attys. Gen., Austin, for appellant.

Evans, Marshall & Ribak, San Antonio, for appellee.

PARKER, Chief Justice.

The Commission appeals from a final judgment which set aside an order of the Commission suspending Carlin's right to do business under a Wine and Beer Retailer's Permit and a Retail Dealer's On-Premise Late Hours License. We do not reach the merits of the appeal.

Upon submission of the cause, this court raised the question of mootness and the Commission has favored us with a brief upon the subject; but, after examination of the authorities cited, we are of the opinion that the cause was moot at the time it was heard by the District Court and is moot at this time.

On February 19, 1970, appellee, Carlin, procured the issuance by the appellant, Commission, of a Wine and Beer Retailer's Permit as defined in Article 666–15(17), Vernon's Annotated Penal Code. He had theretofore procured the issuance, on September 5, 1969, of a Retail Dealer's On-Premise Late Hours License under the provisions of Article 667–3(e–1), Vernon's Annotated Penal Code. Following a hearing held on May 25, 1970, the Commission entered an order whereby "all rights and privileges granted by the Texas Liquor Control Act under said permit and license be suspended for a period of fifteen (15) days, beginning at 12:01 A.M. on the 22nd day of June, A.D., 1970" because of conduct of Carlin which was found to have occurred on December 25, 1969.

The order was served upon Carlin on June 9, 1970, and he instituted suit in the District Court of Bexar County on June 18, 1970, praying that the order be set aside. He also sought and procured an ex parte order by the trial court staying the Commission's order "during the pendency of this suit or until a final determination of this cause." The Commission appeared, moved to dismiss for want of jurisdiction, and answered to the merits. The trial court, on August 14, 1970, overruled the jurisdictional challenge and the Commis-

sion refused to participate further in the proceedings. The final judgment set aside the order of the Commission and it now appeals.

From the foregoing resume it is clear that the order of the Commission suspended Carlin's privileges under the Liquor Control Act for a specific 15-day period, beginning June 22, 1970; and, it is equally certain that such period had expired before the cause was heard by the trial court. No order which we could enter herein could possibly be effective to restore vitality to the order of the Commission—a fact likewise applicable to the order of the District Court. We have no alternative but to reverse the judgment of the trial court and dismiss the cause.

The Commission calls to our attention the case of Department of Public Safety v. Austin, 163 Tex. 280, 354 S.W.2d 376 (1962), as authority for holding that the controversy here is not moot. The court there noted that the statute involved [Article 6687b, § 22(c), Vernon's Ann.Civ.St.] provided that the Department's order of suspension of the license "was itself suspended until a final judgment was rendered." (354 S.W.2d at p. 378). We find no comparable provision in the Liquor Control Act.

Nor are we persuaded by the Commission's reference to State v. Bush, 151 Tex. 606, 253 S.W.2d 269 (1953), and Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198 (1949). In Bush, the question before the court was the renewal of a beer retailer's permit, not a suspension. In Jones, the question involved an order of a county judge denying an application for a license to sell beer at retail. Neither is in point nor persuasive in our fact situation.

The specific period of suspension (beginning June 22, 1970, and continuing for fifteen days thereafter) "has long since expired and is now functus officio." Bostick v. Garrison, 302 S.W.2d 945, 946 (Tex. Civ.App.—Galveston, 1957, no writ). The cause being moot, it is the duty of this court to reverse the judgment of the District Court and dismiss the cause. Tritico v. Texas Liquor Control Board, 133 Tex. 388, 128 S.W.2d 379 (1939). Courts do not decide cases when no actual controversy between the parties exists at the time of the hearing. We quote the language found in City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638, 639 (1939), wherein our Supreme Court was quoting from another case:

> " 'This court will not proceed to a determination when its judgment would be wholly ineffectual for want of a subject-matter on which it could operate. An affirmance would ostensibly require something to be done which had already taken place. A reversal would ostensibly avoid an event which had already passed beyond recall. One would be as vain as the other. To adjudicate a cause which no longer exists is a proceeding which this court uniformly has declined to entertain.' "

The judgment of the trial court is reversed and the cause dismissed. All costs are adjudged against the appellee.