**508**

TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

William Alan TULL, Appellee.

No. 13–82–117–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1983.

Barry D. Brown, Asst. County Atty., Corpus Christi, for appellant.

Virgil Howard, Corpus Christi, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

OPINION

GONZALEZ, Justice.

This is an appeal from a judgment in a proceeding for suspension of a driver's license. After an administrative hearing, a Justice of the Peace suspended appellee's license. Appellee appealed and the County Court at Law reversed the suspension. Texas Department of Public Safety (D.P.S.) appealed. We affirm.

The record shows that the petition filed by D.P.S. against appellee alleged:

"that defendant has committed an offense for which automatic suspension of license is made upon conviction, to-wit: 'Driving while license suspended.' "

After an administrative hearing, the Justice of the Peace made an affirmative finding in favor of the D.P.S. and appellee's license was suspended for one year. Upon appeal to the County Court at Law, that Court held that the D.P.S. failed to prove its allegation "that appellee committed an offense for which automatic suspension is made upon conviction for the reason that driving while license is suspended is not one of those offenses specifically enumerated in Section 24 of Article 6687(b) V.A.T.S." The County Court then set aside the suspension and ordered D.P.S. to reinstate appellee's driver's license. It is from this order that the D.P.S. perfected this appeal.

D.P.S. contends that the offense of driving while license suspended is an offense for which automatic suspension is made upon conviction. We disagree.

Tex.Rev.Civ.Stat.Ann. art. 6687b, § 22(b) (Vernon Supp.1982) provides in part:

"The authority to suspend the license of any operator, commercial operator, or chauffeaur as authorized in this Section is granted the Department upon determining after proper hearing as herein before set out that the licensee:

1) Has committed an offense for which automatic suspension of license is made upon conviction; ..."

Tex.Rev.Civ.Stat.Ann. art. 6687b, § 24 (Vernon 1977) provides:

"(a) The license of any person shall be automatically suspended upon final conviction of any of the following offenses:

1. Negligent homicide resulting from the operation of a motor vehicle;

2. Driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs;

3. Any offense punishable as a felony under the motor vehicle laws of this State;

4. A conviction of a driver of a motor vehicle involved in an accident or collision, upon a charge of failure to stop, render aid, and disclose his identity at the scene of said accident or collision.

5. A conviction upon a charge of aggravated assault upon the person by means of motor vehicle, as provided by law.

(b) The suspension above provided shall in the first instance be for a period of twelve (12) months. In event any license shall be suspended under the provision of this Section for a subsequent time, said subsequent suspension shall be for a period of eighteen (18) months.

(c) The suspension of any license shall be automatically extended upon licensee being convicted of operating a motor vehicle while the license of such person is suspended; such extended period of suspension to be for a like period as the original suspension, and is in addition to any other penalty assessed, as provided in this Act.

As is readily apparent, driving while license is suspended is not one of the enumerated offenses for which automatic suspension is provided under § 24. As the Court stated in *Drake v. Texas Department of Public Safety,* 393 S.W.2d 320 (Tex.Civ. App.—Houston 1965, writ refused n.r.e.):

"We find no provision in Article 6687b, Sec. 22, authorizing the suspension of a driving license because a person operates a motor vehicle while his license is suspended. Section 22(b) does grant to the Department the authority to suspend an operator's license upon determining after a proper hearing that the licensee is guilty of any one of some nine different things, including: '1.) Has committed an offense for which automatic suspension of license is made upon conviction.' Article 6687b, Section 24(a), which provides for automatic suspension of license, enumerates five different offenses for which a license shall be suspended upon conviction. It does not include in such enumeration the operation of a motor vehicle by one whose license has been suspended." 393 S.W.2d at 322–3.

Tex.Rev.Civ.Stat.Ann. art. 6687b, § 34 (Vernon 1977) denotes the specific offense of driving while license suspended or revoked. In this case, the record does not show that appellee has ever been charged with the offense of driving while his license was suspended or revoked, let alone convicted of such offense.

A review of the evidence shows appellee's license was suspended on September 29, 1980 for three months and that on December 22, 1980 he was convicted of speeding. Obviously, appellee was driving while his license was suspended. As was held in *Department of Public Safety v. Austin,* 163 Tex. 280, 354 S.W.2d 376 (1962), a conviction for speeding while under a license suspension constitutes the offense of driving while license suspended. However, the Court in *Austin* did not hold that conviction for the first offense constituted conviction for the second. The record in this case reflects that the hearing held on August 11, 1981, was premised on appellee's conviction for driving while license suspended, a statutorily separate offense from speeding. The record does not reflect any such conviction. Therefore, neither the automatic suspension authorized by § 22(b) of art. 6687b, nor the extension of the suspension authorized by § 24(c) of art. 6687b is proper. Appellant's point of error is overruled.

D.P.S. relies on *Texas Department of Public Safety v. Gil,* 292 S.W.2d 832 (Tex.Civ.App.—Austin 1936, no writ); and *Department of Public Safety v. Austin,* 359 S.W.2d 958 (Tex.Civ.App.—Amarillo 1962, no writ). To the extent that our opinion is in conflict with these two cases, we refuse to follow them.

The judgment of the trial court is affirmed.