**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

**v.**

**Stephen Rolfe WALKER, Appellee.**

**No. 3–91–001–CV.**

Court of Appeals of Texas, Austin.

Dec. 11, 1991.

Martin Thompson, Jr., Asst. Co. Atty., Austin, for appellant.

Michael E. Stork, Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

PER CURIAM.

This is a driver's license suspension case. The question presented is whether an order suspending the privilege to drive of a provisional licensee survives the expiration of the provisional license. The county court at law concluded that it did not and entered a judgment restoring appellee's driving privileges. We will reverse the judgment of the county court at law and render judgment in favor of the Department of Public Safety.

On April 27, 1989, appellee was seventeen years old and the possessor of a provisional driver's license. Tex.Rev.Civ.Stat. Ann. art. 6687b, § 11A (Supp.1991). On that date, a justice court found that appellee had been convicted of two or more moving violations within the previous twelve months and ordered that his license and privilege to drive be suspended for twelve months. Art. 6687b, §§ 22(a), 22(b)(10). On the recommendation of the justice of the peace, the suspension was probated for twelve months, subject to the condition that appellee not be convicted of any moving violation committed during the probationary period. Art. 6687b, § 22(e).

On May 22, 1989, appellee's eighteenth birthday, his provisional driver's license expired. Art. 6687b, § 18(a)(2). Three days later, on May 25, appellee was cited for speeding and driving without a license, offenses for which he was convicted the following month. On that same May 25, appellee applied for and was issued his "regular" driver's license. Art. 6687b, § 11(a).

On August 10, 1989, the justice court found after a hearing that appellee had violated the conditions of probation. Art. 8867b, § 22(f). Appellee's driver's license was suspended, but the order of suspension was abated by the filing of appellee's petition of appeal in the county court at law. Art. 6687b, § 31.

The issue before the county court at law was whether appellee violated the conditions of probation. Art. 6687b, § 22(f); *Department of Public Safety v. Schaejbe*, 687 S.W.2d 727 (Tex.1985). The stipulated evidence demonstrated that appellee had been convicted of a moving violation committed during the probationary period, and the court so found. Nevertheless, the court rendered judgment that appellee's driving privileges be restored, his license returned, and the cause dismissed. The court explained its action in the following conclusions of law:

1. Plaintiff's [appellee's] Provisional License expired by operation of law on Plaintiff's eighteenth birthday. Article 6687b, Sec. 18(a)(2), V.A.T.S.

2. Since the original action was brought to suspend Plaintiff's Provisional License it would be a denial of due process to suspend Plaintiff's regular License since there was no notice that the suspension or probation would affect his regular License.

3. Article 6687b, V.A.T.S., makes no provision for suspension of a regular license for matters that occurred while a driver holds a provisional license.

4. The Court has only the authority to suspend the Plaintiff's Provisional License but cannot suspend his regular Driver's License.

By its first point of error, the department urges that the county court at law erred by refusing to suspend appellee's driver's license. In its argument under this point, the department takes issue with the court's third and fourth conclusions of law. As we will explain, we conclude that art. 6687b does provide for the suspension of appellee's driver's license and that the court below was authorized to so order.

Appellee argues that the court's conclusions are supported by the opinion in *Boston v. Garrison*, 152 Tex. 253, 256 S.W.2d 67 (1953). Boston's driver's license was suspended, and he appealed to the county court at law. Thereafter, the department refused to renew the license, from which decision Boston also appealed to the county court at law. While these appeals were pending, Boston sought injunctive relief in district court. That court denied relief and he appealed to the supreme court. The supreme court held that insofar as it related to the suspension order, the case was moot. Boston's appeals of the department's actions did not extend the life of his suspended license or permit him to drive without a license pending appeal from the denial of renewal. Setting aside the suspension order would have no effect since Boston no longer had a license to drive, and because the term of suspension had expired.

*Boston* must be read together with the opinion in *Department of Public Safety v. Austin*, 163 Tex. 280, 354 S.W.2d 376 (1962). Austin's driver's license was suspended, and he appealed to the county court at law. That court found the evidence insufficient to support the suspension order, and the department appealed to the court of civil appeals. While the appeal was pending, the department renewed Austin's license. The court of civil appeals, citing *Boston*, dismissed the department's appeal as moot because the suspended license had expired.[1] The supreme court reversed and remanded for a decision on the merits of the appeal. The supreme court distinguished *Boston* as follows:

In [*Boston*], the appeal was from a judgment of the District Court upholding the suspension. A reversal of that judgment would have accomplished no more than to terminate a suspension that had already terminated by its own terms. In the case here the suspension was set aside by the County Court and the dis-

missal by the Court of Civil Appeals would result in the suspension being made null and void. [Citation omitted.] To hold this case moot would effectively nullify the right of the Department to appeal from such an adverse decision of the trial court, or to enforce a suspension that had been properly ordered due to the lapse of time incident to court procedure.

354 S.W.2d at 378.

By holding that the appeal in *Austin* was not moot, the supreme court was necessarily stating that a suspension of the privilege to drive continues beyond the expiration of the driver's license in effect at the time the suspension is ordered. *Preble v. State*, 402 S.W.2d 902, 904 (Tex.Crim.App.1966); *Department of Public Safety v. Preble*, 398 S.W.2d 785, 788 (Tex.Civ.App.1966, no writ). In other words, a subsequently issued license may be suspended pursuant to an order made before its issuance based on acts committed before its issuance. *Department of Public Safety v. De los Santos*, 622 S.W.2d 622 (Tex.App.1981, no writ); *Preble*, 398 S.W.2d at 788.[2] In *Austin*, the order suspending the driver's license was not immediately effective because the licensee appealed, but the reasoning of the supreme court is equally applicable where the suspension order is probated.

The department is forbidden to issue a driver's license to any person whose driver's license has been suspended, during the period of suspension. Art. 6687b, § 4(3). Because the suspension of appellee's license was probated, § 4(3) did not bar the issuance of appellee's new license. But appellee's argument that a suspension order applies only to the license in effect at the time the order is made is contrary to the clear purpose of this provision of the licensing act. Indeed, if this argument were accepted, § 4(3) would be meaningless. *Preble*, 398 S.W.2d at 787.

---

**1.** *Department of Public Safety v. Austin*, 348 S.W.2d 854 (Tex.Civ.App.1961).

**2.** The suspension of Austin's license to drive was upheld by the court of civil appeals on remand

from the supreme court. *Department of Public Safety v. Austin*, 359 S.W.2d 958 (Tex.Civ.App. 1962, no writ).

■ The suspension of a driver's license is a suspension of the privilege to drive, the license being evidence that the licensee may lawfully drive. *De los Santos,* 622 S.W.2d at 624; *Preble,* 398 S.W.2d at 787. The justice of the peace expressly ordered that appellee's driving privileges be suspended. The expiration of appellee's provisional license and the issuance of his regular driver's license did not extinguish this order. The fortuity of appellee's eighteenth birthday did not wipe his slate clean. Appellee remained subject to the probated suspension order. The first point of error is sustained.

■ The county court at law concluded that the suspension of appellee's driver's license would constitute a due process violation because "there was no notice that the suspension or probation would affect his regular License." The department attacks this conclusion in its second point of error.

The order entered by the justice of the peace following the original hearing directed that "defendant's License No. 04719323 and driving privileges be suspended for a period of 12 months." There is nothing in this order to suggest that the period of suspension was to end with the expiration of appellee's provisional license one month later. Although not controlling here, we note that the driver's license issued to appellee following his eighteenth birthday bears the same number as his provisional license. The order probating the suspension also established a twelve-month probationary period. We find that these orders gave appellee notice that his privilege to drive would be suspended if he were convicted of a moving violation committed during the twelve-month probationary period.

■ Appellee asserts in his brief that the suspension of his privilege to drive would deny him equal protection of the law. The findings of fact and conclusions of law filed by the county court at law make no reference to equal protection. *See* Tex.R.Civ. P.Ann. 299 (Supp.1991). This argument is without merit in any event. *See Hayes v. Department of Public Safety,* 498 S.W.2d 35 (Tex.Civ.App.1973, writ ref'd n.r.e.). Appellee was treated no differently than any other person whose privilege to drive is subject to a probated license-suspension order. The second point of error is sustained.

By its third point of error, the department contends that the county court at law abused its discretion by attempting to coerce the department into accepting an unlawful agreed judgment. We find no evidence of coercion in the record. This court will not issue an advisory opinion on the propriety of the suggested agreement, which the department did not accept. The third point of error is overruled.

The judgment of the county court at law is reversed. Judgment is rendered that Stephen Rolfe Walker violated a condition of probation during the probationary period and that his license and privilege to drive be suspended for twelve months.