TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

Billy Bernice STORY, Appellee.

No. 10–97–258–CV.

Court of Appeals of Texas,
Waco.

July 9, 2003.

Tom Gray, J., concurred in judgment
and filed opinion.

589

Charles Karakashian, Jr., Asst. District Attorney by Deputization, Texas Dept. of Public Safety, Loren E. Svor, Texas Department of Public Safety, John W. Segrest, McLennan County District Attorney, Waco, for Appellant.

Pat Beard, Beard & Kultgen, Waco, for Appellee.

Before Chief Justice DAVIS, Justice VANCE and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

This appeal requires us to balance the State's legitimate interest in regulating driver's licenses with the right of a licensed driver to a meaningful review of an administrative suspension of his license. We must balance these competing interests with regard to a videotape considered by the administrative law judge (the "ALJ") who sustained the suspension of

Billy Bernice Story's license which videotape the State Office of Administrative Hearings ("SOAH") subsequently misplaced when preparing the administrative record for review by the County Court at Law (the "reviewing court"). Because we conclude that the reviewing court did not strike the proper balance between these competing interests when it reversed the ALJ's decision and rendered judgment in favor of Story, we reverse the judgment of the reviewing court and remand this cause for further proceedings.

### ISSUES PRESENTED

DPS presents four issues on appeal:

- whether a court reviewing an administrative decision may reverse and render in favor of the party seeking review on a basis other than reflected in the administrative record;

- whether Story waived his due process claim by failing to attempt to correct the administrative record filed with the reviewing court;

- whether Story even has "a theoretically valid due process argument" because the administrative record filed with the reviewing court contains substantial evidence supporting the ALJ's decision notwithstanding a missing videotape; and

- what action should the reviewing court have taken in response to Story's refusal to stipulate to the authenticity of a copy of the missing videotape.

### FACTUAL BACKGROUND

Officers with the Woodway Public Safety Department arrested Story for DWI on January 1, 1997.[1] After an officer provided Story the required DWI statutory warnings, Story refused to provide a specimen of his breath for analysis to determine the alcohol concentration in his body.[2] DPS suspended Story's license for ninety days because of his refusal to provide a breath specimen.[3] Story requested an administrative hearing on the suspension, which was held on February 18.[4] At the conclusion of the hearing, the ALJ made findings favorable to DPS and entered an order sustaining the suspension of Story's license.[5]

That same day, Story filed a petition seeking judicial review of the administrative decision in the County Court at Law. *See* TEX. TRANSP. CODE ANN. §§ 524.041, 724.047 (Vernon 1999). Pursuant to Story's request, SOAH filed the administrative record with the County Clerk. *Id.* § 524.044 (Vernon 1999); TEX. GOV'T CODE ANN. § 2001.175(b) (Vernon 2000). However, SOAH filed an incomplete record

1. The Legislature made several amendments to the pertinent statutes which took effect on September 1, 1997. We cite the statutes and regulations in effect at the time of Story's arrest.

2. TEX. TRANSP. CODE ANN. § 724.013 (Vernon 1999); Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, sec. 724.015, 1995 Tex. Gen. Laws 1025, 1821–22 (amended 1997) (current version at TEX. TRANSP. CODE ANN. § 724.015 (Vernon Supp.2003)).

3. Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, sec. 724.035(a)(1), 1995 Tex. Gen. Laws 1025, 1824 (amended 1997) (current version at TEX. TRANSP. CODE ANN. § 724.035(a)(1) (Vernon Supp.2003)).

4. Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, sec. 724.041, 1995 Tex. Gen. Laws 1025, 1824 (amended 1997) (current version at TEX TRANSP. CODE ANN. § 724.041 (Vernon Supp. 2003)).

5. Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, sec. 724.043, 1995 Tex. Gen. Laws 1025, 1825 (amended 1997) (current version at TEX. TRANSP. CODE ANN. § 724.043 (Vernon Supp. 2003)).

because SOAH had lost a videotape prepared by the arresting agency and offered as evidence at the administrative hearing.

On May 7, the reviewing court granted the Department of Public Safety ("DPS") a continuance for two weeks to enable it to attempt to locate the missing exhibit. DPS could not locate the videotape but appeared at the next hearing with a copy of the missing videotape, which it had obtained from the arresting agency. Story would not agree to stipulate to the substitution of this copy for the videotape which had been lost. He asked the reviewing court to reverse the administrative decision and render judgment that his license be restored because of the lost evidence. On May 22, the reviewing court granted Story the relief requested, reversing the administrative decision and rendering judgment in his favor.

On original submission, we dismissed DPS's appeal for want of jurisdiction. *Tex. Dept. of Pub. Safety v. Story*, 65 S.W.3d 675 (Tex.App.-Waco 1999). The Supreme Court vacated our decision and remanded this case for further proceedings in light of its decision in *Texas Department of Public Safety v. Barlow.*[6] *Tex. Dept. of Pub. Safety v. Story*, 51 S.W.3d 296, 296 (Tex.2001) (citing *Barlow*, 48 S.W.3d 174 (Tex.2001)).

## APPLICABLE LAW

■ A driver's license is a privilege, not a right. *Tex. Dept. of Pub. Safety v. Schaejbe*, 687 S.W.2d 727, 728 (Tex.1985); *Tex. Dept. of Pub. Safety v. Monroe*, 983 S.W.2d 52, 56 (Tex.App.-Houston [14th Dist.] 1998, no pet.); *Ex parte Tharp*, 912 S.W.2d 887, 890 (Tex.App.-Fort Worth

1995), *aff'd*, 935 S.W.2d 157 (Tex.Crim. App.1996). The State has a legitimate interest in regulating driver's licenses to maintain public safety. *See Mireles v. Tex. Dept. of Pub. Safety*, 9 S.W.3d 128, 130 (Tex.1999); *Tex. Dept. of Pub. Safety v. Richardson*, 384 S.W.2d 128, 132 (Tex. 1964); *Tharp*, 912 S.W.2d at 891; *Raitano v. Tex. Dept. of Pub. Safety*, 860 S.W.2d 549, 551 (Tex.App.-Houston [1st Dist.] 1993, writ denied).

■ The right to appeal a license suspension does not even exist absent statutory authorization. *Schaejbe*, 687 S.W.2d at 728; *Monroe*, 983 S.W.2d at 56; *Tharp*, 912 S.W.2d at 890. Because there is a statutorily-provided appeal of license suspensions however, such procedures must comply with the due process requirements of the United States Constitution. *Monroe*, 983 S.W.2d at 56; *Tharp*, 912 S.W.2d at 890; *Nebes v. State*, 743 S.W.2d 729, 730 (Tex.App.-Houston [1st Dist.] 1987, no pet.); *see also Evitts v. Lucey*, 469 U.S. 387, 401, 105 S.Ct. 830, 839, 83 L.Ed.2d 821, 833 (1985) ("[W]hen a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution—and, in particular, in accord with the Due Process Clause."); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex.App.-Waco 2002, order, no pet.) (same).

Procedural due process requires that the State provide a person a "meaningful opportunity to be heard" when depriving him of a constitutionally-protected interest. *LaChance v. Erickson*, 522 U.S. 262, 266, 118 S.Ct. 753, 756, 139 L.Ed.2d 695, 700 (1998); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 939 (Tex.1998); *see also*

---

6. The Court determined in *Barlow* that appellate courts have jurisdiction in drivers license suspension cases because the amount in controversy exceeds $100. *Tex. Dept. of Pub. Safety v. Barlow*, 48 S.W.3d 174, 176 (Tex.

2001) (citing TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997); TEX. GOV'T CODE. ANN. § 22.220(a) (Vernon 1988); *Tune v. Tex. Dept. of Pub. Safety*, 23 S.W.3d 358, 362 (Tex. 2000)).

*Monroe*, 983 S.W.2d at 56. An opportunity to be heard is "meaningful" even if it is not available until after the deprivation has occurred so long as it provides the person "a fair opportunity to challenge the accuracy and legal validity of the [deprivation]" and a "clear and certain remedy." *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 39, 110 S.Ct. 2238, 2251, 110 L.Ed.2d 17, 37 (1990).

Section 724.047 of the Transportation Code provides that a party may seek judicial review (*i.e.*, "an appeal") of an administrative hearing suspending a driver's license for failure to provide a breath specimen. TEX. TRANSP. CODE ANN. § 724.047. Chapter 524 of that Code governs such an appeal. *Id.* Section 524.042 provides that if the person's license has not been previously suspended due to alcohol- or drug-related incidents and if the person has not been previously convicted of DWI or a similar offense in the ten years preceding the current DWI arrest, the appeal of the administrative ruling stays the suspension for ninety days following the date the appeal petition is filed.[7] Neither DPS nor the reviewing court can extend the stay. TEX.

TRANSP. CODE ANN. § 524.042(b) (Vernon 1999).

Generally, the reviewing court is limited to the administrative record and cannot consider additional testimony. *Id.* § 524.043(a) (Vernon 1999); TEX. GOV'T CODE ANN. § 2001.175(e) (Vernon 2000);[8] *City of Port Arthur v. Sw. Bell Tel. Co.*, 13 S.W.3d 841, 844 (Tex.App.-Austin 2000, no pet.). If a party wishes to present additional evidence which it did not present to the ALJ and satisfies the reviewing court that the additional evidence is material and that good reasons exist for the failure to present it to the ALJ, the reviewing court may remand the proceeding to the ALJ for consideration of the additional evidence.[9] TEX. TRANSP. CODE ANN. § 524.043(b) (Vernon 1999); TEX. GOV'T CODE. ANN. § 2001.175(c) (Vernon 2000); *Sw. Bell Tel. Co.*, 13 S.W.3d at 844. However, a remand for the consideration of such additional evidence will not operate as a further stay of the license suspension. TEX. GOV'T CODE ANN. § 524.043(e) (Vernon 1999); *cf.* 1 TEX. ADMIN. CODE § 159.37(j); 20 Tex. Reg. 570 (1995), *amended by proposed* 24 Tex. Reg. 4195, *adopted* 24 Tex. Reg. 6310 (1999) (current version at 37 TEX. ADMIN. CODE § 17.11(c)).[10]

---

**7.** Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, sec. 524.042, 1995 Tex. Gen. Laws 1025, 1600 (amended 1997) (current version at TEX. TRANSP. CODE ANN. § 524.042 (Vernon 1999)).

**8.** Chapter 2001 of the Government Code (the Administrative Procedure Act) applies to the appeal of an ALJ's decision "to the extent consistent with" chapter 524 of the Transportation Code. TEX. TRANSP. CODE ANN. § 524.002(b) (Vernon 1999).

**9.** Section 524.043(b) does not permit the reviewing court to receive the proffered "additional evidence" in the first instance. *See Langford v. Employees Ret. Sys.*, 73 S.W.3d 560, 565 (Tex.App.-Austin 2002, pet. denied); TEX. TRANSP. CODE ANN. 524.043(b) (Vernon 1999); TEX. GOV'T CODE. ANN. § 2001.175(c) (Vernon Supp.2003). Rather, the purpose of the statute "is to give a party the opportunity

to present additional evidence to the [ALJ] for its consideration." *Langford*, 73 S.W.3d at 565. Thus, the statute requires the reviewing court to remand the case to the ALJ for initial consideration of the additional evidence. TEX. TRANSP. CODE ANN. 524.043(b). The additional evidence is brought forward to the reviewing court presumably as a supplement to the original record and in a similar fashion. The statute provides only "that the additional evidence be taken before an administrative law judge on conditions determined by the court." *Id.*

**10.** Section 17.11(c) provides that "[a] remand does not stay the suspension." 20 Tex. Reg. 570 (1995), *amended by proposed* 24 Tex. Reg. 4195, *adopted* 24 Tex. Reg. 6310 (1999) (current version at 37 TEX. ADMIN. CODE § 17.11(c)). This provision does not limit itself to cases

A reviewing court may also "go beyond the agency record" and consider evidence of procedural irregularities which allegedly occurred before the ALJ and are not reflected by the administrative record. *See Tex. Water Commn. v. Dellana,* 849 S.W.2d 808, 810 (Tex.1993) (orig. proceeding); *Sw. Bell Tel. Co.,* 13 S.W.3d at 844; Tex. Gov't Code Ann. § 2001.175(e).

The reviewing court must:

reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(A) in violation of a constitutional or statutory provision;

(B) in excess of the agency's statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Gov't Code Ann. § 2001.174(2) (Vernon 2000). Otherwise, the reviewing court may affirm the administrative decision if the court is satisfied that "substantial evidence" exists to support it. *See id.* § 2001.174(1) (Vernon 2000); *R.R. Commn. of Tex. v. Torch Operating Co.,* 912 S.W.2d 790, 792–93 (Tex.1995).

■ According to section 2001.174(2), if the reviewing court finds any of the six categories of "error" listed and determines that such error prejudiced the "substantial rights" of the party seeking review, the court must "reverse or remand the case for further proceedings." Tex. Gov't Code. Ann. § 2001.174(2); *Monroe,* 983 S.W.2d at 55. We interpret this provision to mean that the reviewing court may: (1) reverse the ALJ's decision and render judgment in favor of the party seeking review; *e.g., Tex. Dept. of Pub. Safety v. Benoit,* 994 S.W.2d 212, 213 (Tex.App.-Corpus Christi 1999, pet. denied) (reviewing court's order "prohibited [DPS] from suspending the licenses"); *Tex. Dept. of Pub. Safety v. Lavender,* 935 S.W.2d 925, 927 (Tex.App.-Waco 1996, writ denied) (reviewing court "decreed that DPS did not have the authority to suspend [the] license"); or (2) reverse the ALJ's decision and "remand the cause for further proceedings." *E.g., Goeke v. Houston Lighting & Power Co.,* 761 S.W.2d 835, 846 (Tex.App.-Austin 1988), *rev'd on other grounds,* 797 S.W.2d 12 (Tex.1990); *Sw. Bell Tel. Co. v. Public Util. Commn. of Tex.,* 615 S.W.2d 947, 954 (Tex.Civ.App.-Austin), *writ ref'd n.r.e per curiam,* 622 S.W.2d 82 (Tex.1981).[11]

remanded for consideration of additional evidence as the comparable provisions in section 524.043(e) of the Transportation Code and section 159.37(j) of title 1 of the Administrative Code do. *See* Tex. Transp. Code Ann. § 524.043(e) (Vernon 1999); 1 Tex. Admin. Code § 159.37(j). Nonetheless, "it is well settled that an agency rule may not impose additional burdens, conditions, or restrictions in excess of or inconsistent with the relevant statutory provisions." *R.R. Commn. of Tex. v. ARCO Oil & Gas Co.,* 876 S.W.2d 473, 481 (Tex.App.-Austin 1994, writ denied). Thus, we construe this regulatory provision to apply only to a remand for the consideration of additional evidence pursuant to section 524.043(c). *Accord* 1 Tex. Admin. Code § 159.37(j).

11. *But see Tex. Dept. of Transp. v. Jones Bros. Dirt & Paving Contractors,* 24 S.W.3d 893, 899 (Tex.App.-Austin 2000) ("Given the general principle that the court may not reweigh the evidence and substitute its own judgment for that of the agency, the APA anticipates that the court will generally remand to the agency when it finds an error of law."), *rev'd on other grounds,* 92 S.W.3d 477 (Tex.2002); *Tex. Dept. of Transp. v. T. Brown Constructors, Inc.,* 947 S.W.2d 655, 659 (Tex.App.-Austin

## STANDARD OF REVIEW IN THIS COURT

In an appeal of an administrative determination, this Court generally conducts a *de novo* substantial evidence review. *Tex. Dept. of Pub. Safety v. Jackson*, 76 S.W.3d 103, 106 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *Tex. Dept. of Pub. Safety v. Fecci*, 989 S.W.2d 135, 139 (Tex.App.-San Antonio 1999, pet. denied). However, we review the lower court's procedural rulings for an abuse of discretion. *See Sw. Bell Tel. Co.*, 13 S.W.3d at 844; *Buttes Resources Co. v. R.R. Commn. of Tex.*, 732 S.W.2d 675, 680 (Tex.App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.).

## REVERSAL WITHOUT A RECORD

■ DPS's first issue questions whether a court reviewing an administrative decision may reverse and render judgment in favor of the party seeking review on a basis other than reflected in the administrative record. Specifically, DPS argues that "an incomplete record does not, and cannot, result in a reviewing court rendering [judgment] in favor of an appellant from an administrative decision."

Story suggests that the incomplete administrative record filed in his case by SOAH constitutes an "other error of law" which warrants reversal and rendition by the reviewing court. *Id.* § 2001.174(2)(D). DPS "does not contend that under some circumstances a reviewing court could not reverse and *remand* without reviewing the agency record, but [does] contend that under *no* such circumstances could the reviewing court reverse and *render* a decision in favor of the appellant."

Subcategories (A) through (C), (E), and (F) of section 2001.174(2) all contemplate errors which occurred before the ALJ and which are reflected by the record. *Id.* § 2001.174(2). Story suggests that subcategory (D) is an exceptional provision which includes errors occurring *after* the ALJ has rendered her decision. We agree that in the appropriate case subcategory (D) may be construed more broadly than its five companion subcategories.

When we excise from the statute the subcategories not implicated here, it reads, "[A] court ... shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative ... decision[ is] ... affected by other error of law...." *Id.* § 2001.174(2)(D). The other subcategories provide five very distinct grounds for reversal or remand of an administrative determination. In our view, subcategory (D) provides a catchall ground for reversal or remand to provide a remedy for one who has suffered an adverse administrative determination "affected" by some legal error other than those described in the other subcategories. Such "other error" could conceivably occur during the administrative proceedings or, as in this case, afterward.

The parties agree that the reviewing court in this case based its decision on an event which occurred *after* the ALJ rendered her decision. As noted, subcategory (D) encompasses events occurring after rendition of the ALJ's decision. The question remains, however, whether the reviewing court was authorized to render judgment in Story's favor based on the incomplete record.

## WHAT SHOULD THE REVIEWING COURT HAVE DONE

DPS asks in its third issue whether due process requires that a complete record be

1997, pet. denied) ("Although courts have authority to hold that an agency erred and must correct its error, courts cannot dictate how to correct the error if, by doing so, the court effectively usurps the authority and discretion delegated to the agency by the legislature.").

filed in the reviewing court when the remainder of the administrative record contains "substantial evidence" supporting the ALJ's determination. DPS queries in its fourth issue what action the reviewing court should have taken in response to Story's refusal to stipulate to the authenticity of the copy of the videotape.

### AFFIRMANCE ON LIMITED RECORD

As noted, due process requires that a party in a reviewing court have a "meaningful" and "fair opportunity to challenge the accuracy and legal validity of the [ALJ's decision]." *LaChance*, 522 U.S. at 266, 118 S.Ct. at 756, 139 L.Ed.2d at 700; *McKesson Corp.*, 496 U.S. at 39, 110 S.Ct. at 2251, 110 L.Ed.2d at 37; *accord Mayhew*, 964 S.W.2d at 939. DPS contends that Story's due process rights are satisfied in this case because he is entitled to no more than a substantial evidence review and substantial evidence exists in the administrative record (without the videotape) to support the ALJ's decision.

If reversal of an ALJ's decision is not required for one of the reasons listed in section 2001.174(2), a reviewing court must affirm the decision if it is supported by "substantial evidence." *See* TEX. GOV'T CODE. ANN. § 2001.174; *Torch Operating Co.*, 912 S.W.2d at 792–93. "Substantial evidence review is a limited standard of review, requiring 'only more than a mere scintilla,' to support an agency's determination." *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 566 (Tex.2000) (quoting *Torch Operating Co.*, 912 S.W.2d at 792–93). The administrative decision may be upheld even if the preponderance of the evidence is to the contrary. *Torch Operating Co.*, 912 S.W.2d at 792–93; *accord Olivarez v. Aluminum Corp. of Am.*, 693 S.W.2d 931, 932 (Tex.1985) ("the evidence may be substantial and yet greatly preponderate the other way"); *Dozier v.*

*Tex. Empl. Commn.*, 41 S.W.3d 304, 309 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (same).

The substantial evidence standard bears some resemblance to the traditional no-evidence standard of review. *Compare Dozier*, 41 S.W.3d at 309 & n. 4; *Mireles v. Tex. Dept. of Pub. Safety*, 993 S.W.2d 426, 428 (Tex.App.-San Antonio), *aff'd* 9 S.W.3d 128 (Tex.1999); *with Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997) (appellate court must sustain no evidence point if "the evidence offered to prove a vital fact is no more than a mere scintilla").

As the Fourteenth Court of Appeals observed in *Dozier:*

Whether Dozier's point is evidentiary or an issue of statutory construction matters little because the *de novo* substantial evidence review is simply the evidentiary test for the general "arbitrary, capricious, or unreasonable" abuse of discretion standard. *Gerst v. Nixon*, 411 S.W.2d 350, 354 (Tex.1966). This test avoids determining what evidence was actually before the agency because courts are more concerned with whether the legal effect of the hearing is correct than the wisdom of the informal methods employed. More than a scintilla of evidence exists where the evidence supporting the finding, as a whole, rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. Thus, instead of deciding issues of fact, the reviewing court determines whether enough evidence existed to enable someone of reasonable mind to reach the conclusion the agency reached.

Deciding a case on conflicting evidence is not intrinsically an abuse of discretion. Factual determinations so clearly against the great weight and preponderance of the evidence that they are *"clearly wrong and unjust,"* however,

can be a contributing factor in assessing non-evidentiary abuses of discretion. "[I]nstances may arise in which the agency's action is supported by substantial evidence, but is arbitrary and capricious nonetheless." *Tex. Health Facilities Commn. v. Charter Medical–Dallas, Inc.*, 665 S.W.2d 446, 454 (Tex.1984). *Dozier*, 41 S.W.3d at 309 n. 4 (some citations omitted).

■ We agree that the no-evidence standard can be "a contributing factor" when a reviewing court considers an administrative decision. *Id.*

■ Assuming without deciding that the testimony in the administrative record supports the ALJ's decision, it is at least conceivable that the missing videotape might "conclusively establish[ ] the opposite of the [testimony]." *See Merrell Dow Pharms.*, 953 S.W.2d at 711 (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L.Rev. 361, 363 (1960)). At a minimum, the reviewing court ought to have the opportunity to consider the videotape as "a contributing factor in assessing [whether the ALJ committed a] non-evidentiary abuse[ ] of discretion" or to determine that the ALJ's decision "is supported by substantial evidence, but is arbitrary and capricious nonetheless." *See Dozier*, 41 S.W.3d at 309 n. 4.

For this reason, we hold that Story's due process right to a "meaningful" review entitles him to have the complete record filed in the reviewing court even though the portion of the administrative record already on file arguably contains "substantial evidence" supporting the ALJ's determination.

### RENDITION BASED ON MISSING EXHIBIT

■ Although we have determined that a reviewing court may not affirm an administrative decision when an exhibit is missing from the record, we similarly conclude that a reviewing court may not reverse the administrative decision and render judgment in favor of the party seeking review because of a missing exhibit, at least not under the facts of this case.[12]

The State (through DPS) has a legitimate interest in regulating driver's licenses to maintain public safety. *See Mireles*, 9 S.W.3d at 130; *Richardson*, 384 S.W.2d at 132; *Tharp*, 912 S.W.2d at 891; *Raitano*, 860 S.W.2d at 551. To preserve this interest, we hold that a reviewing court may not reverse an ALJ's decision in favor of DPS and render judgment for a driver when SOAH has lost a portion of the administrative record.

### CORRECTION OF ADMINISTRATIVE RECORD

Neither party bears the burden of initially furnishing the administrative record to the reviewing court. Rather, upon timely request and payment of necessary fees by the party seeking review, SOAH has this responsibility. *See Tex. Dept. of Pub. Safety v. Valdez*, 956 S.W.2d 767, 770 (Tex.App.-San Antonio 1997, no pet.); 19 Tex. Reg. 10221 (1994), *amended by* 22 Tex. Reg. 8943 (1997) (current version at 1

---

**12.** If the party seeking review established that the agency (*e.g.*, DPS) actively participated in the loss or destruction of an exhibit, a rendition of judgment in favor of the party seeking review might be warranted. *See Trevino v. Ortega*, 969 S.W.2d 950, 953 (Tex.1998) ("Trial judges have broad discretion to take measures ranging from a jury instruction on the spoliation presumption to, in the most egregious case, death penalty sanctions."); *see also Offshore Pipelines, Inc. v. Schooley*, 984 S.W.2d 654, 666 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (discussing remedies available for spoliation of evidence). The record in Story's case does not suggest (and Story does not contend) that DPS played any role in the loss of the videotape at issue.

Tex. Admin. Code § 159.37(f)). In the hearing before the reviewing court, the party seeking review then bears the burden of offering the record into evidence as an exhibit. *See* Tex. Gov't Code Ann. § 2001.175(d) (Vernon 2000); *Lavender,* 935 S.W.2d at 929.

■ The parties suggest that SOAH acts much as a court reporter in preparing the record. Thus, they look to the provisions of former appellate rule 50(e) which provides that an appellant is entitled to a new trial in certain cases if an original exhibit has been lost. *See* Tex.R.App. P. 50(e), 707–708 S.W.2d (Tex. Cases) lxii (Tex.1986, amended 1997).[13] We agree that SOAH and a court reporter perform similar functions in preparing their respective records. However, rule 50(e) applies only to court reporters, not SOAH. Thus, we decline to apply its provisions to Story's case.

■ Instead, we look to the common law regarding appellate procedure as it existed before the promulgation of the Rules of Appellate Procedure in 1986. According to the common law, "if an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way." *Rogers v. Rogers,* 561 S.W.2d 172, 173 (Tex. 1978) (quoting *Robinson v. Robinson,* 487 S.W.2d 713, 715 (Tex.1972)); *accord Hoyt v. INA of Tex.,* 752 S.W.2d 628, 629 (Tex. App.-Waco 1988, writ denied); *Bertsch & Co. v. Spells,* 687 S.W.2d 826, 827 (Tex. App.-Eastland 1985, writ ref'd n.r.e.).

[T]his measure imposes a hardship upon the parties, who must retry an often long and complicated case. Moreover, it nullifies the time and effort of the court. For this reason, a new trial should be granted only where it appears that no other action will adequately protect the right of the appellant to review by the court of appeals.

*Wolters v. Wright,* 623 S.W.2d 301, 305–06 (Tex.1981); *accord Houston Lighting & Power Co. v. Klein Indep. Sch. Dist.,* 739 S.W.2d 508, 520 (Tex.App.-Houston [14th Dist.] 1987, writ denied).

Section 2001.175(b) provides:

After service of the petition on a state agency[14] and within the time permitted for filing an answer or within additional time allowed by the court, the agency shall send to the reviewing court the original or a certified copy of the entire record of the proceeding under review. The record shall be filed with the clerk of the court. The record may be shortened by stipulation of all parties to the review proceedings. The court may assess additional costs against a party who unreasonably refuses to stipulate to limit the record, unless the party is subject to a rule adopted under Section 2001.177 requiring payment of all costs of record preparation. The court may require or permit later corrections or additions to the record.

Tex. Gov't Code Ann. § 2001.175(b) (footnote added). DPS suggests that the last sentence of the statute concerning "corrections or additions to the record" applies to any administrative record filed by SOAH. Story disagrees and reads this provision to apply only to records shortened by stipula-

---

13. We cite the former appellate rule because DPS perfected its appeal prior to September 1, 1997, the effective date of the current rules.

14. The term "state agency" "includes the State Office of Administrative Hearings." Tex. Gov't Code Ann. § 2001.003(7) (Vernon 2000).

tion of the parties, which subsection (b) also addresses.

In construing a civil statute, we may consider the "consequences of a particular construction" of the statute. TEX. GOV'T CODE ANN. § 311.023(5) (Vernon 1998). We presume the Legislature intended "a just and reasonable result" when it enacted the statute. *Id.* § 311.021(3) (Vernon 1998). Bearing these considerations in mind, we agree with DPS's interpretation.

■ As we have held, a party seeking review of an adverse administrative determination does not receive a "meaningful" appeal if the reviewing court affirms the challenged decision without the "entire record" as contemplated by Section 2001.175(b), at least when the parties have not stipulated to a "shortened record." Thus, we hold that the power of a reviewing court to permit or require corrections to an administrative record under section 2001.175(b) extends to all administrative records filed with the clerk of that court under section 2001.175.

As the party seeking review of the ALJ's decision, Story had the burden of offering the administrative record in evidence as an exhibit. *See* TEX. GOV'T CODE ANN. § 2001.175(d); *Lavender,* 935 S.W.2d at 929. When Story discovered an exhibit was missing from the record, he (as the party with the burden of production) should have called the defect to the attention of the reviewing court.

■ When such a defect is brought to the attention of the reviewing court, the statute allows the reviewing court to at- tempt to correct the record. *See* TEX. GOV'T CODE ANN. § 2001.175(b).[15] Although section 2001.175(b) does not expressly allow the court to receive additional testimony concerning defects in the record, the court's authority to "require or permit" corrections is meaningless if the court has no means by which it can determine the authenticity of any evidence offered to correct the record. *Id.; see also* TEX. GOV'T CODE. ANN. § 21.001(a) (Vernon 1988) ("A court has all powers necessary for the exercise of its jurisdiction"). Accordingly, we hold that a reviewing court may receive testimony for the limited purpose of deciding whether a defective administrative record should be corrected or supplemented. *Id.*

Here, the reviewing court must determine whether the copy of the videotape which DPS brought to the May 21 hearing is an accurate reproduction of the videotape which DPS had offered in evidence at the administrative hearing and which SOAH subsequently lost. If the court determines the copy is an accurate reproduction, the court should allow DPS to correct the record by supplementing it with the copy. *Id.*

On the other hand, if the reviewing court determines the copy of the videotape is not an accurate reproduction and no accurate reproduction can be produced, the court must remand the proceedings for a new hearing before the ALJ because of this "other error of law." *See* TEX. GOV'T CODE. ANN. § 2001.174(2)(D); *Wolters,* 623

---

15. Story also argues that permitting the defective record to be corrected carries his review hearing beyond the 90–day stay of suspension. Thus, he argues he will be "treated differently from others." We presume he refers to others who are able to have their review hearing before the 90–day stay runs. This is an equal protection argument. *See* *Tex. Dept. of Pub. Safety v. Walker,* 820 S.W.2d 958, 961 (Tex.App.-Austin 1991, no writ). Story did not present this argument to the court below. Accordingly, he has not preserved it for appellate review. *See* TEX.R.APP. P. 52(a), 707–708 S.W.2d (Tex.Cases) lxiv (Tex.1986, amended 1997).

S.W.2d at 305–06.[16]

## CONCLUSION

For the foregoing reasons, the County Court at Law erred when it reversed the ALJ's decision and rendered judgment in favor of Story. Accordingly, we reverse the judgment and remand this cause to the reviewing court for further proceedings consistent with this opinion.

Justice GRAY concurring.

TOM GRAY, Justice, concurring.

In this case the county court at law, acting in an appellate capacity by reviewing the decision of an administrative law judge, reversed and rendered the ALJ's decision to suspend Story's drivers license. The decision to render judgment in favor of Story was because an exhibit considered by the ALJ had been lost and therefore the administrative record was incomplete. When you cut through everything in the Department's brief and boil it down to the real issue, the issue we must decide is: Did the county court at law, reviewing a judgment of an ALJ to determine if that judgment was supported by substantial evidence, err in determining that due process required that the review be conducted only of a complete record of the proceeding before the ALJ without allowing or requiring correction of that record for a lost exhibit? The answer to this question is: Yes.

A substantial evidence review has never been conducted in this case. Story is entitled to such a review. The Department wants us to conduct that review on the record that they acknowledge was never admitted into evidence before the county court at law. The substantial evidence review of the ALJ's judgment should be conducted by the county court at law before an appeal to the court of appeals. As much as the Department wants the issues in this appeal to be about the effect of the presence or absence of an exhibit that was before the ALJ but not included in the record available for filing before the county court at law, whose burden it is to get that exhibit before the county court at law, whose burden it is correct the administrative record for a lost exhibit, and how should the record be corrected, if it can be, those issues are simply not properly before us. As much as Story wants the issue in this appeal to be about whether due process will be violated by any substantial evidence review of less than the original and entire record before the ALJ, that issue too is not properly before us.

Whether or how the record will be corrected for the lost exhibit, and the effect upon the substantial evidence review of the record without the exhibit or of a record corrected for the lost exhibit, are questions to which the answers are currently unknown to us because we cannot predict what the form of the record, if any, admitted into evidence before the county court at law will be, or what the county court at law may do as it relates to the record as offered, and the actions it may take on other motions regarding the record before conducting its substantial evidence review. To avoid these questions, the majority elects to make all those decisions for the lower court. We should not.

Specifically I do not join the court in responding to the Department's invitation to give an advisory opinion. The majority's discussion in response to the fourth issue is nothing more than advice. It should be readily apparent from the way

---

16. We have fully addressed DPS's first, third and fourth issues. We do not reach DPS's second issue. *See* TEX.R.APP. P. 90(a), 785–786 S.W.2d (Tex.Cases) xcii (Tex.1990, amended 1997) (current version at TEX.R.APP. P. 47.1).

the Department's issue is framed that it is requesting nothing more than an advisory opinion. The issue asks: "What could, or should, the reviewing court have done." But the Department went even further to let us know that it really did not expect us to address the fourth issue. The brief under this issue begins: "The Department presents this issue only for discussion. In light of the previous course of this case, we stress that we are not offering this argument as a point of error." "Under article II, section 1 of the Texas Constitution, courts have no jurisdiction to issue advisory opinions." *Valley Baptist Medical Center v. Gonzalez,* 33 S.W.3d 821, 822 (Tex. 2000). We should dismiss the Department's fourth issue without any discussion.

The judgment of the majority is to reverse and remand the case. For the reasons stated, I concur in the judgment but not the reasoning of the majority.