

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 17, 2004

The Honorable Ray Allen
Chair, Committee on Corrections
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0234

Re: Whether, under section 1551.114 of the Insurance Code, an eligible retiree of a community supervision and corrections department may participate in the Employees Retirement System group benefits program after meeting the requirements of subsection (c)(2), with no further requirements, such as the "rule of 80" set out in section 1551.102 (RQ-0213-GA)

Dear Representative Allen:

Section 1551.114 of the Insurance Code, adopted in 2003, provides that retired employees of community supervision and corrections departments ("CSCDs") may participate in the state employees' group benefits program, administered by the Employees Retirement System ("ERS"), effective September 1, 2004. *See* TEX. INS. CODE ANN. § 1551.114 (Vernon 2004); Act of May 26, 2003, 78th Leg., R.S., ch. 1030, §§ 1.03, 3.01(b), 2003 Tex. Gen. Laws 2975, 2976-77, 2978. You ask whether, under section 1551.114, an eligible retiree of a CSCD may participate in the ERS group benefits program after meeting the requirements of subsection (c)(2), with no further requirements, such as the "rule of 80" set out in section 1551.102.[1]

## I. CSCDs and Their Employees Generally

The district judge or judges trying criminal cases in a judicial district must establish a CSCD to "conduct presentence investigations, supervise and rehabilitate defendants placed on community supervision, enforce [community supervision] conditions . . . , and staff community corrections facilities." TEX. GOV'T CODE ANN. § 76.002(a)(2) (Vernon 1998). The judge appoints or the judges appoint CSCD employees as necessary to accomplish these tasks, and the judicial districts served by a CSCD pay the employees' salaries. *See id.* §§ 76.002(a)(2), .006(b) (Vernon 1998 & Supp. 2004). As section 76.006 of the Government Code stipulates, these employees generally are not state employees, although they are state employees for limited purposes: "Except as provided by Subsection (c), [CSCD] employees are not state employees." *Id.* § 76.006(a) (Vernon Supp. 2004).

---

[1]*See* Letter from Honorable Ray Allen, Chair, Committee on Corrections, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (Mar. 25, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

Subsection (c) expressly deems CSCD employees "state employees for the purposes of Chapter 104, Civil Practice and Remedies Code[, which governs state liability for public servants' conduct], and Chapter 501, Labor Code[, which concerns state employees' workers' compensation insurance coverage]." *Id.* § 76.006(c).

At present, and until September 1, 2004, CSCD employees' benefits are provided under a contract with one of the counties that the CSCD serves. *See id.* § 76.006(a). CSCD employees are then governed by the personnel policies of that county, and both employees and retired employees receive benefits "equal to . . . benefits of other employees of that county." *Id.* On and after September 1, under the version of subsection (c) that will become effective on that date, CSCD employees and retired employees are "eligible to participate in the group benefits program established under" chapter 1551 of the Insurance Code, as provided by section 1551.114 of the Insurance Code. *Id.* § 76.006(c).

## II.    Relevant Statutes

### A.    Insurance Code Chapter 1551, the "Texas Employees Group Benefits Act"

Chapter 1551, the Texas Employees Group Benefits Act, *see* TEX. INS. CODE ANN. § 1551.001 (Vernon 2004), is expressly intended to, among other things, "provide uniformity in life, accident, and health benefit coverages for all state officers and employees and their dependents" and to "recognize the service to the state by employees and retired employees of [CSCDs] by extending to them and their dependents the same life, accident, and health benefit coverages as those provided under this chapter to state employees, retired state employees, and their dependents." *Id.* § 1551.002(1), (7); *see also id.* § 1551.005(a) (defining the term "health benefit plan" as "a plan that provides, pays for, or reimburses expenses for health care services"). Section 1551.101 governs a state employee's eligibility in the ERS group benefits program, *see id.* § 1551.101(b); *see also id.* §§ 1551.003(6), .008 (defining the term "employee" and limiting its use to an individual eligible to participate in the group benefits program under section 1551.101 "unless a different meaning is plainly required"); section 1551.102 governs an annuitant's participation in the group benefits program, *see id.* § 1551.102(a); *see also id.* §§ 1551.003(2), .008 (defining the term "annuitant" and limiting its use to an individual eligible to participate in the group benefits program under section 1551.102 "unless a different meaning is plainly required").

Section 1551.102(b)(2)(A) lists, among the retired employees who are eligible to participate as annuitants in the ERS group benefits program, individuals who retire under ERS jurisdiction and who "receive[] or [are] eligible to receive an annuity under Section 814.104(a)(2), Government Code, and [have] at least 10 years of eligible service credit." *Id.* § 1551.102(b)(2)(A). Section 814.104(a)(2), which provides for an ERS member's eligibility for service retirement generally, states that, "a member who has service credit in the [ERS] is eligible to retire and receive a service retirement annuity if the member: . . . has at least 5 years of service credit in the employee class and the sum of the member's age and amount of service credit in the employee class, including months of age and credit, equals or exceeds the number 80." TEX. GOV'T CODE ANN. § 814.104(a)(2) (Vernon Supp. 2004). This is the "rule of 80" about which you ask. *See* Request Letter, *supra* note 1, at 1.

Under section 1551.114, a CSCD employee or retired employee "shall be treated as an employee [eligible to participate in the ERS group benefits program] or annuitant [eligible to participate in the ERS group benefits program] . . . only as provided by this section." TEX. INS. CODE ANN. § 1551.114(b) (Vernon 2004). Rather than contract with a county for group benefits, section 1551.114 requires a CSCD to "participate[] in the group benefits program administered by the" ERS board of trustees. *Id.* § 1551.114(c). Participation is limited to:

(1) active employees of a [CSCD];

(2) retired employees of a [CSCD] who retire on or after September 1, 2004, and who:

(A) have been employed by one or more [CSCDs] for a total of at least 10 years of creditable service; and

(B) *meet all the requirements for retirement benefits prescribed by the Texas County and District Retirement System*; and

(3) eligible dependents of the active employees and retired employees described by Subdivisions (1) and (2).

*Id.* (emphasis added). A retired employee is eligible to participate in the ERS group benefits program "on application to the" ERS board of trustees. *Id.* § 1551.114(f). "On application," the employee automatically receives ERS "basic coverage for annuitants unless the retired employee specifically waives coverage or unless the retired employee is expelled from the program." *Id.* The Texas Department of Criminal Justice is responsible for paying contributions for CSCDs' retired employees:

A retired employee is not eligible to receive a state contribution . . . for premiums. The community justice assistance division of the Texas Department of Criminal Justice is responsible for payment of the contributions for each of a department's retired employees and the retired employees' participating dependents that the state would make . . . if the retired employees were retired state employees. Each participating retired employee shall pay that portion of the cost of group coverage selected by the retired employee that exceeds the amount of division contributions. The retired employee shall pay contributions required from the retired employee in the manner prescribed by the [ERS] board of trustees. Each [CSCD] shall notify each of its retired employees of the eligibility for participation and the costs associated with participation.

*Id.* All contributions received under section 1551.114 from the community justice assistance division of the Texas Department of Criminal Justice and retired employees "for basic, optional, and

voluntary coverages under the [ERS] group benefits program shall be paid into the employees life, accident, and health insurance and benefits fund" and the ERS must use it "to provide those coverages as provided by this chapter." *Id.* § 1551.114(g).

## B.        The Statute Creating the Texas County and District Retirement System

The Texas County and District Retirement System is established under title 8, subtitle F of the Government Code (chapters 841-845). *See* TEX. GOV'T CODE ANN. tit. 8, subtit. F (Vernon 1994 & Supp. 2004). Under section 844.102(a)(1) and (2), which sets out general eligibility criteria for County and District Retirement System employees, an employee must be "at least 60 years old and [have] at least 12 years of credited service" or have "at least 30 years of credited service" to receive retirement benefits. *Id.* § 844.102(a)(1)-(2) (Vernon Supp. 2004). Section 844.102 also recognizes four alternative eligibility criteria that a county and district may choose instead of the general criteria. *See id.* § 844.102(a)(3).[2] For example, section 844.207 applies to subdivisions that began participating in the county and district retirement system after September 1, 1985 and "to all other subdivisions that have adopted" the section's plan provisions. *Id.* § 844.207(a). Under section 844.207(c), a member who is younger than sixty years old may receive retirement benefits if he or she meets the rule of 80. *See id.* § 844.207(c)(2). Section 844.210, which applies to any subdivision that adopts its plan provisions, also sets the rule of 80 as a means by which a member younger than sixty years may be eligible to receive retirement benefits. *See id.* § 844.210(a), (c)(2). Section 844.211, which likewise applies to any subdivision that adopts its plan provisions, establishes a rule of 75 for members less than sixty years old. *See id.* § 844.211(a), (c)(1). Thus, a member who is less than sixty years old is eligible for retirement benefits if the member "has a sufficient amount of eligible credited service . . . that, when added to the members attained age, equals or exceeds the number 75." *Id.* § 844.211(c)(1). Finally, under section 844.212, which applies to any subdivision that has adopted its plan provisions, a member is eligible to receive retirement benefits if the member has at least twenty years of "eligible credited service." *Id.* § 844.212(b)-(c).

## III.    Analysis

### A.    The Issue

Although we have set out all of the provisions of section 1551.114 relating to retired CSCD employees, your question implicates in particular section 1551.114(c)(2)(B), which we have italicized above. *See* Request Letter, *supra* note 1, at 1-2; *supra* p. 3 (quoting section 1551.114(c)(2)(B)). You explain that the ERS has indicated that a retired CSCD employee who has at least ten years of creditable service will be eligible to participate in the ERS group benefits program only if he or she satisfies the "rule of 80." Request Letter, *supra* note 1, at 1.[3] Letters we

---

[2]*See generally* Brief attached to Letter from Honorable Larry Gist, Chairman, Texas Board of Criminal Justice Judicial Advisory Council, District Senior Judge, to Nancy Fuller, Chair, Opinion Committee, Office of the Attorney General, at 2 (May 18, 2004) (on file with the Opinion Committee).

[3]*See also* Letter from Leighton Iles, Director, Fort Bend County CSCD, to Honorable Greg Abbott, Texas Attorney General, at 1-2 (May 17, 2004) (on file with the Opinion Committee).

have received from current employees of the Travis County CSCD indicate that, under the Travis County system, they can retire with benefits when they satisfy the rule of 75.[4] After September 1, 2004, however, under the ERS policy you have described, the employees would be able to retire with benefits only if they satisfy the rule of 80. You suggest that the rule of 80 is not necessarily consistent with eligibility standards of the Texas County and District Retirement System and therefore contravenes section 1551.114(C)(2)(B) of the Insurance Code. *See* Request Letter, *supra* note 1, at 1.

A brief we have received from the ERS contends that it alone has authority to determine questions relating to individuals' eligibility to receive group benefits under chapter 1551.[5] While the ERS has statutory authority to determine issues related to enrollment, it may not impose upon CSCD employees standards for participating in the group benefits program as an annuitant that differ from those expressed in section 1551.114. The ERS, as an administrative agency of the state, may not impose requirements additional to those set forth in statute. *See Tex. Dep't of Pub. Safety v. Story*, 115 S.W.3d 588, 592 n.10 (Tex. App.–Waco 2003, no pet.) (stating that "an agency rule may not impose additional burdens, conditions, or restrictions in excess of or inconsistent with the relevant statutory provisions") (quoting *R.R. Comm'n of Tex. v. ARCO Oil & Gas Co.*, 876 S.W.2d 473, 481 (Tex. App.–Austin 1994, writ denied)). Additionally, the ERS's construction of chapter 1551 is entitled to judicial deference, but only if the statute is unclear. *See Bd. of Trs. of Employees Ret. Sys. v. Benge*, 942 S.W.2d 742, 744 (Tex. App.–Austin 1997, writ denied); *McMullen v. Employees Ret. Sys.*, 935 S.W.2d 189, 191 (Tex. App.–Austin 1996, writ denied).

Section 1551.114(c)(2)(B) is not unclear. By its plain terms, the section incorporates as the standard for group benefits participation "the requirements for retirement benefits prescribed by the Texas County and District Retirement System." TEX. INS. CODE ANN. § 1551.114(c)(2)(B) (Vernon 2004). As we have explained, the requirements for retirement benefits under title 8, subtitle F of the Government Code, providing for the County and District Retirement System, depend upon whether the particular county has adopted the general plan provisions of section 844.102 or the optional plan provisions of section 844.207, .210, .211, or .212. Consistently with section 844.211 of the Government Code, some counties may have implemented the rule of 75 rather than the rule of 80. Requiring an employee who is currently subject to the rule of 75 to work additional years to become eligible for ERS group benefits upon the employee's retirement is an additional requirement that the ERS may not impose.

Moreover, section 1551.114(b) states, on its face, that a retired CSCD employee "shall be treated as an . . . annuitant *only* as provided by this section." TEX. INS. CODE ANN. § 1551.114(b)

---

[4]*See* Letter from Diana Loving, Travis County CSCD, to Ed Burbach, Deputy Attorney General for Litigation, Office of the Attorney General (May 11, 2004) (on file with the Opinion Committee); Letter from Gene D. Oakes, Travis County CSCD, to Ed Burbach, Deputy Attorney General for Litigation, Office of the Attorney General (May 11, 2004) (on file with the Opinion Committee).

[5]*See* Letter from Paula A. Jones, General Counsel, Employees Retirement System of Texas, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General, at 2 (June 25, 2004) (on file with the Opinion Committee) [hereinafter ERS Brief].

(Vernon 2004) (emphasis added). The ERS argues that the term "annuitant" is a term of art that refers back to section 1551.102, which establishes the rule of 80 for annuitant eligibility generally. *See* ERS Brief, *supra* note 5, at 4-5. Thus, according to the ERS, retired CSCD employees must comply with section 1551.102's eligibility standards before becoming eligible for retirement benefits from the ERS. *See id.* at 4-7. Yet, as the statute expressly states, CSCD employees are annuitants "only as provided by" section 1551.114. TEX. INS. CODE ANN. § 1551.114(b) (Vernon 2004). In addition, retired CSCD employees by definition could never become annuitants under section 1551.102: under subsection (b), an individual is eligible to participate in the group benefits program if "the individual retires under the jurisdiction of the" ERS. *Id.* § 1551.102(b). The ERS admits, in its brief, that CSCD employees do not "retire under ERS'[s] jurisdiction." ERS Brief, *supra* note 5, at 6.

Finally, nothing in the 2003 legislation makes CSCD employees "state employees" who would be subject to the eligibility standards set out in section 1551.101 or 1551.102 of the Insurance Code. Section 1551.114 does not expressly make CSCD employees "state employees" and in fact stipulates that neither an active CSCD employee nor a retired CSCD employee is "eligible to receive a state contribution . . . for premiums." *See* TEX. INS. CODE ANN. § 1551.114(e)-(f) (Vernon 2004). Likewise, section 76.006(c) of the Government Code, which addresses CSCD employees' status, has not been amended to state that CSCD employees are state employees for the purposes of Insurance Code chapter 1551. *See* TEX. GOV'T CODE ANN. § 76.006(c) (Vernon Supp. 2004).

We conclude, therefore, that, under the explicit terms of section 1551.114(c)(2)(B), a CSCD employee is eligible to participate in the ERS group benefits program under section 1551.114 when the employee satisfies the eligibility standards that have been adopted in the county that currently provides the employee's benefits. For example, a CSCD employee in a county that has implemented the rule of 75 may retire and participate in the ERS group benefits program under section 1551.114 of the Insurance Code when the employee satisfies the rule of 75.

## S U M M A R Y

In accordance with section 1551.114 of the Insurance Code, a retiree of a community supervision and corrections department may participate in the Employees Retirement System group benefits program after meeting the requirements of section 1551.114(c)(2), with no further requirements, such as the "rule of 80" set out in section 1551.102.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee