ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 23, 2014

The Honorable Jo Anne Bernal
EI Paso County Attorney
500 East San Antonio, Room 503
EI Paso, Texas 79901

Opinion No. GA-1082

Re: Whether section 11.0641 of the Education Code requires school district trustees to file personal financial statements in specific circumstances (RQ-1194-GA)

Dear Ms. Bernal:

You ask three questions regarding the filing of personal financial statements by school district trustees who resign from office.[1] Your questions arise from section 11.0641 of the Education Code, a provision enacted in 2013 that requires certain school district trustees[2] to file a financial statement with the board of trustees and the commissioners court "beginning January 1, 2015." Act of May 22, 2013, 83rd Leg., R.S., ch. 853, §§ 2–3, 2013 Tex. Gen. Laws 2200, 2201 (codified at TEX. EDUC. CODE ANN. § 11.0641(a)–(b) (West Supp. 2013)). A financial statement filed pursuant to section 11.0641 is governed by chapter 572, subchapter B, of the Government Code "as if the trustee were a state officer and the commissioners court . . . were the Texas Ethics Commission." TEX. EDUC. CODE ANN. § 11.0641(c) (West Supp. 2013); *see also* TEX. GOV'T CODE ANN. §§ 572.021–.034 (West 2012 & Supp. 2013) (governing the contents, timeliness of filing, and public inspection of personal financial statements). State officers, and consequently school district trustees, must file the statement "[n]ot later than April 30 each year." TEX. GOV'T CODE ANN. § 572.026(a) (West 2012). The financial statement must include "an account of the financial activity of the individual . . . for the preceding calendar year." *Id.* § 572.023(a). Thus, pursuant to section 11.0641, on January 1, 2015, a school district trustee has until April 30, 2015, to file a statement concerning that trustee's personal financial activity that occurred during the 2014 calendar year.

---

[1]Letter from Honorable Jo Anne Bernal, El Paso Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Apr. 3, 201[4]), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]Section 11.0641 "applies only to the board of trustees of an independent school district that is located in a county that is located on the international border and in which a municipality with a population of 600,000 or more is located." TEX. EDUC. CODE ANN. § 11.0641(a) (West Supp. 2013).

Your first two questions, which we address together, concern the effect of a resignation on the financial statement filing requirement. You ask whether a school district trustee "who resigns before and does not hold over" the office either "after January 1, 2015" or "between January 1, 2015 and April 29th 2015" is required by section 11.0641 to file a financial statement for the 2014 calendar year. Request Letter at 1, 3. The Texas Ethics Commission (the "Commission") is charged with administering and enforcing the financial statement filing scheme of chapter 572. TEX. GOV'T CODE ANN. § 571.061(1) (West 2012). Pursuant to that authority, the Commission has issued instructions[3] stating that the filing requirement "extends to each person who served as a state officer for any part of the period beginning January 1 of the year the statement is due and ending April 30." TEX. ETHICS COMM'N, FORM PFS-INSTRUCTION GUIDE at 1 (June 19, 2014); see also TEX. GOV'T CODE ANN. § 572.030(b) (West 2012) (requiring the Commission to identify the filing dates for financial statements and provide forms and instructions on its Internet website). Courts would likely defer to the Commission's interpretation of the filing requirement because it is reasonable and not contrary to the statute. See Osterberg v. Peca, 12 S.W.3d 31, 51 (Tex. 2000) (stating that "[a] reasonable construction of a statute by an administrative agency charged with its enforcement is entitled to great weight").

Under article 16, section 17 of the Texas Constitution, known as the holdover provision, all state officers "shall continue to perform the duties of their offices until their successors shall be duly qualified." TEX. CONST. art. XVI, § 17. If a trustee resigns prior to January 1, 2015, but a successor is not duly qualified and sworn into office prior to that date, then the trustee who resigned still holds office on January 1 by operation of the constitutional holdover provision. Id. Likewise, a trustee who resigns between January 1, 2015, and April 29, 2015, is still an officeholder on January 1. Under section 11.0641, a school district trustee holding office at any time on or after January 1, 2015, including in a holdover capacity, must file a financial statement by April 30, 2015, for the 2014 calendar year. TEX. EDUC. CODE ANN. § 11.0641(b) (West Supp. 2013); TEX. GOV'T CODE ANN. § 572.023(a) (West 2012). A school district trustee who has resigned and whose successor has been qualified and sworn into office prior to January 1, 2015, is not required to file a 2014 financial statement under section 11.0641.

Your last question is whether the commissioners court may "adopt a rule requiring school trustees who resign before and do not hold over after January 1, 2016 to file a personal financial statement under the new statute such that a trustee must file a financial statement for every year, or part of a year, during which he held office after January 1, 2015." Request Letter at 1, 4. By

---

[3]The Commission's instructions illustrate a holdover situation as follows: "For example, a person who resigned or whose term ended in November of one year will need to file a personal financial statement covering that year *if the person was not replaced until January of the following year or later.*" TEX. ETHICS COMM'N, FORM PFS-INSTRUCTION GUIDE, at 1 (June 19, 2014) (emphasis added). *See also* TEX. ETHICS COMM'N, HELPFUL HINTS FOR FILING YOUR PERSONAL FINANCIAL STATEMENT (June 19, 2014) ("Assume, for example, that you resign from a state board on October 3, 2005, but your replacement is not appointed until February 1, 2006. You will be required to file the report due April 30, 2006. You will not be required to file in 2007.").

way of example, you explain that under such a rule, "a trustee who leaves office during 2015 and is replaced before the end of the 2015 calendar year either by resignation [or] end of term would still be subject to filing a personal financial statement in April of 2016 for the period of time he served as a trustee during 2015." *Id.* at 4–5.

"[A] commissioners court's power is limited to that which is expressly delegated to it by the Texas Constitution or Legislature, or necessarily implied to perform its duties." *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 29 (Tex. 2003). Section 11.0641 assigns a commissioners court the specific duty to "determine from any available evidence whether a statement required to be filed under [section 11.0641] is late," and if it is late, to determine the amount of a civil penalty, subject to certain limitations. TEX. EDUC. CODE ANN. § 11.0641(e) (West Supp. 2013). Section 11.0641 does not give the commissioners court express authority to promulgate rules requiring the filing of additional financial statements. Such authority would be implied only if the promulgation of the rules was "necessary to accomplish its assigned duty." *City of San Antonio,* 111 S.W.3d at 28. The rule you describe is not related to the assigned duty of determining timeliness of statements and, instead, imposes additional burdens and conditions in excess of the existing statutory filing requirements. An administrative rule "'may not impose additional burdens, conditions or restrictions'" beyond what is authorized by statute. *Tex. Dep't of Pub. Safety v. Story,* 115 S.W.3d 588, 592 n.10 (Tex. App.—Waco 2003, no pet.) (citation omitted). Thus, the commissioners court lacks authority to adopt a rule requiring a school district trustee who has resigned and whose successor has been duly qualified and sworn into office prior to January 1, 2016, to file a personal financial statement under section 11.0641 of the Education Code concerning the personal financial activity that occurred during the 2015 calendar year. Our conclusion is dictated by the statutory text chosen by the Legislature and is not a judgment about the wisdom of the commissioners court's contemplated rule. If the Legislature wishes to expand the section 11.0641 filing requirements to require filing by a trustee who served for only part of the preceding year, it can do so.

## S U M M A R Y

A school district trustee subject to section 11.0641 of the Education Code who holds office at any time on or after January 1, 2015, including in a holdover capacity, must file a financial statement under section 11.0641 for the 2014 calendar year. A school district trustee who has resigned and whose successor has been duly qualified and sworn into office prior to January 1, 2015, is not required to file a 2014 financial statement under section 11.0641.

The El Paso County Commissioners Court lacks authority to impose additional burdens or conditions in excess of the existing statutory filing requirements chosen by the Legislature.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee