# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00229-CV

---

**Field G. Harrison, D.D.S., Appellant**

**v.**

**Texas State Board of Dental Examiners, Appellee**

---

**FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-17-003434, THE HONORABLE GISELA D. TRIANA, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This is an administrative appeal from a decision by the Texas State Board of Dental Examiners to sanction Field G. Harrison, D.D.S. for violations of the statutes and rules governing dentists in Texas. The district court affirmed in part and reversed in part the Board's order. We will affirm in part and reverse and remand in part the district court's judgment.

## BACKGROUND

Harrison is a dentist licensed to practice in Texas. In 2015, the Board filed a complaint against Harrison alleging that he violated the Dental Practice Act and related administrative rules in connection with his treatment, billing, and record keeping on two patients in 2010 through 2012. More specifically, the Board asserted that Harrison had committed ten violations related to record keeping and three violations involving "unprofessional and dishonorable conduct." *See* Tex. Occ. Code § 263.002(a)(3), (4), (10) (authorizing Board to

sanction dentists for dishonorable conduct, failure to meet dental standards of care, and failure to comply with Board regulations); 35 Tex. Reg. 3932, 3932–34 (2010), *adopted by* 35 Tex. Reg. 8344 (2010), *amended by* 39 Tex. Reg. 6855 (2014) (former 22 Tex. Admin. Code § 108.7 (Texas State Board of Dental Examiners, Minimum Standard of Care, General)) (hereinafter "Former Rule 108.7"); 34 Tex. Reg. 6741 (2009), *adopted by* 35 Tex. Reg. 634 (2010), *amended by* 35 Tex. Reg. 8344 (2010) (former 22 Tex. Admin. Code § 108.8 (Texas State Board of Dental Examiners, Records of the Dentist)); *see generally* Tex. Occ. Code §§ 251.001–267.006 (Dental Practice Act).

After an evidentiary hearing, the administrative law judge made the following conclusions of law regarding Harrison's alleged violations:

> 6. [Harrison] violated or refused to comply with a law relating to the regulation of dentists and failed to treat Patient 1 according to the standard of care in the practice of dentistry when he failed to record Patient 1's vital signs on September 21, 2010.
>
> 7. [Harrison] violated or refused to comply with a law relating to the regulation of dentists and failed to treat Patient 1 according to the standard of care in the practice of dentistry when he failed to include the SRP [scaling and root-planing procedure] performed on Patient 1 on September 21, 2010 in the treatment plan.
>
> 8. [Harrison] violated or refused to comply with a law relating to the regulation of dentists and failed to treat Patient 1 according to the standard of care in the practice of dentistry when he failed to maintain written informed consent for the SRP performed on Patient 1 on September 21, 2010.
>
> 9. [Harrison] violated or refused to comply with a law relating to the regulation of dentists and failed to treat Patient I according to the standard of care in the practice of dentistry when he failed to document the amount of the BLT used on Patient 1 on September 21, 2010.
>
> 10. By documenting the extraction of teeth numbers 17 and 32, and billing Patient 2's insurance provider for the same without

2

having extracted teeth numbers 17 and 32, [Harrison] practiced dentistry in a manner that constituted dishonorable conduct and failed in his duty of fair dealing for Patient 2.

11. [Harrison] failed to comply with the Board rules on minimal sedation for Patient 2 on April 13, 2012.

In addition to findings of facts related to and the above conclusions of law, the ALJ found the presence of various aggravating and mitigating factors, including two aggravating factors related to the tooth extractions. Based on all the conclusions, fact findings, and aggravating and mitigating factors, the ALJ recommended that the Board impose a reprimand, an administrative fine of $3,000, a requirement for eighteen hours of additional continuing-education (six hours each in ethics, minimal sedation, and risk management/recordkeeping), and a requirement for completion of a jurisprudence assessment. Ultimately, the Board adopted the ALJ's findings of fact and conclusions of law and it imposed the sanctions recommended by the ALJ.

After exhausting his administrative remedies, Harrison filed the underlying suit for judicial review of the Board's order in Travis County District Court. In his suit against the Board, Harrison challenged the sufficiency of the evidence supporting conclusion of law eight (written consent), conclusion of law nine (documenting anesthetic), conclusion of law ten (overcharging), and conclusion of law eleven (minimal sedation). After a hearing, the district court rendered judgment reversing the Board's conclusions of law nine and ten and affirming the remainder of the Board's order, thus leaving the Board's sanctions in place. Harrison perfected this appeal.

# ANALYSIS

In his first issue, Harrison contends that the district court erred by not remanding his case to the Board for consideration of revised sanctions in light of the fact that the district court had reversed two of the violations that the board had considered and relied on in imposing its sanctions. In his second issue, Harrison raises a substantial-evidence challenge to the Board's conclusion and related findings that he violated Board rules by failing to obtain written consent for the SRP performed on Patient 1.

## Standard of Review

The parties agree that our review of the Board's order is governed by the same analysis as in the district court—the familiar "substantial evidence" rule that is codified in section 2001.174 of the Administrative Procedure Act (APA). *See* Tex. Gov't Code § 2001.174. This standard requires that we reverse or remand a case for further proceedings "if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions" are:

>
> (A)     in violation of a constitutional or statutory provision;
> (B)     in excess of the agency's statutory authority;
> (C)     made through unlawful procedure;
> (D)     affected by other error of law;
> (E)     not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
> (F)     arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Gov't Code Ann. § 2001.174(a)(2); *see* Tex. Occ. Code § 263.009 (providing that APA governs judicial appeals from Board orders). Essentially, this is a rational-basis test to

4

determine, as a matter of law, whether an agency's order finds reasonable support in the record. *Texas Health Facilities Comm'n v. Charter Med.-Dall., Inc*., 665 S.W.2d 446, 452–53 (Tex. 1984). "The test is not whether the agency made the correct conclusion in our view, but whether some reasonable basis exists in the record for the agency's action." *Slay v. Texas Comm'n on Envtl. Quality*, 351 S.W.3d 532, 549 (Tex. App.—Austin 2011, pet. denied) (citing *Railroad Comm'n v. Pend Oreille Oil & Gas Co.*, 817 S.W.2d 36, 41 (Tex. 1991)). We apply this analysis without deference to the district court's judgment. *See Texas Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006) (per curiam). We presume that the agency's findings, inferences, conclusions, and decisions are supported by substantial evidence, and the burden is on the contestant to demonstrate otherwise. *See Charter Med.-Dall.*, 665 S.W.2d at 453. Ultimately, we are concerned not with the correctness of the agency's decision, but its reasonableness. *See Sanchez v. Texas State Bd. of Med. Exam'rs*, 229 S.W.3d 498, 510–11 (Tex. App.—Austin 2007, no pet.).

Substantial-evidence analysis entails two component inquiries: (1) whether the agency made findings of underlying facts that logically support the ultimate facts and legal conclusions establishing the legal authority for the agency's decision or action and, in turn, (2) whether the findings of underlying fact are reasonably supported by evidence. *See Vista Med. Ctr. Hosp. v. Texas Mut. Ins. Co*., 416 S.W.3d 11, 26–27 (Tex. App.—Austin 2013, no pet.) (citing *Charter Med.-Dall.*, 665 S.W.2d at 453). The second inquiry, which has been termed the "crux" of substantial-evidence review, *see Granek v. Texas State Board of Medical Examiners*, 172 S.W.3d 761, 778 (Tex. App.—Austin 2005, no pet.), is highly deferential to the agency's determination: "substantial evidence" in this sense "does not mean a large or considerable amount of evidence"—in fact, the evidence may even preponderate against the

5

agency's finding—but requires only "such relevant evidence as a reasonable mind might accept as adequate to support a [finding] of fact," *Slay*, 351 S.W.3d at 549 (citations omitted). Likewise, we "may not substitute [our] judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion." Tex. Gov't Code § 2001.174. In contrast, the first inquiry, concerning the extent to which the underlying facts found by the agency logically support its ultimate decision or action, may entail questions of law that we review de novo. *See Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011); *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 565 (Tex. 2000) (citing *Charter Med.-Dall.*, 665 S.W.2d at 453); *City of El Paso v. Public Util. Comm'n*, 344 S.W.3d 609, 618–19 (Tex. App.—Austin 2011, no pet.)). Guided by this well-established standard of review, we address Harrison's issues challenging the Commissioner's decision.

**Remand**

In his first issue, Harrison contends that it was error for the district court to affirm the Board's sanctions rather than remand for reconsideration because it had reversed two of the six violations found by the Board. We agree.

The Legislature has authorized the Board to discipline licensed dentists for violations of the Dental Practice Act and to adopt and enforce rules to perform its duties under the Act. *See* Tex. Occ. Code §§ 254.001 (rulemaking authority), 263.002(a) (authorizing and setting forth grounds for discipline by Board). Under its rulemaking authority, the Board has promulgated rules regarding its disciplinary actions, including a rule that allows it to, as it did against Harrison, issue a reprimand and impose an administrative fine or other sanction against a

6

dentist it determines has violated the Dental Practice Act. *See, e.g.*, 22 Tex. Admin. Code §§ 107.53 (Texas State Board of Dental Examines, Final Decisions and Orders), 107.202 (Texas State Board of Dental Examiners, Disciplinary Guidelines and Administrative Penalty Schedule). The Board's rules also direct it to consider aggravating and mitigating factors in assessing sanctions and to include applicable findings of fact regarding those factors in its final orders. *See id.* § 107.203 (Texas State Board of Dental Examiners, Aggravating and Mitigating Factors).

In connection with its disciplinary authority, the Board has promulgated a disciplinary matrix that sets forth its enforcement policies and disciplinary guidelines. *See* 35 Tex. Reg. 8152, 8153–66 (2010) (State Board of Dental Examiners, SBDE Disciplinary Matrix). The matrix categorizes violations as first, second, third, or fourth tier—the first-tier violations are those that the Board has determined to be "less serious," while the remaining tiers are those that the Board has determined to be "more serious." *See id.* The matrix also lists the aggravating and mitigating factors that the Board must consider in determining an appropriate sanction; provides an administrative fine schedule; and delineates the sanctions available based on the designated tier of a violation. *See id.* at 8153–66. Finally, the matrix requires the Board to consider all applicable violation sections in determining a sanction that stems from conduct constituting a violation of multiple statute sections. *See id.* at 8154 ("When considering conduct constituting a violation of multiple statute sections, the Board will determine an appropriate sanction after consideration of the sanction recommendation from all applicable violation sections and an aggravating or mitigating factors.").

In this case, the Board considered, among other matters, the ALJ's proposal for decision (PFD) and ultimately adopted all of the PFD's findings of facts and conclusions of law—including, of course, the conclusions of law that the district court subsequently determined

7

lacked support by substantial evidence—in assessing its administrative penalties against Harrison. The penalties assessed by the Board were the same penalties recommended by the ALJ, which were, in turn, based on the ALJ's findings of fact, conclusions of law, and mitigating factors as set forth in the PFD.

An agency has broad discretion in determining sanctions. *Fay–Ray Corp. v. Texas Alcoholic Beverage Comm'n*, 959 S.W.2d 362, 369 (Tex. App.—Austin 1998, no pet.). However, under the applicable standard of review, we must reverse or remand a case for further proceedings if substantial rights of the appellant have been prejudiced because the agency decision is, relevant here, "affected by other error of law." Tex. Gov't Code § 2001.174(2)(D).[1] Here, the Board's sanctions against Harrison were based, at least in part, on its consideration of two conclusions of law that, according to the district court's unchallenged holding, lack support by substantial evidence—i.e., the conclusions were made in error. Stated differently, the Board based its sanctions, at least in part, on erroneous conclusions of law. Thus, the Board's sanctions against Harrison are "affected by other error of law." *See id.*; *see also Southern Concepts, Inc. v. Texas Dep't of Aging & Disability Servs.*, No. 03-17-00712-CV, 2018 WL 5814093, at *8 (Tex. App.—Austin Nov. 7, 2018, no pet.) (mem. op.) (holding that agency's final order "affected by other error of law" where agency relied on misreading of agency rule); *Texas Dep't of Pub. Safety v. Story*, 115 S.W.3d 588, 594 (Tex. App.—Austin 2003, no pet.) (explaining that section 2001.174(2)(D) is "a catchall ground for reversal or remand to provide remedy for one who has suffered an adverse administrative determination 'affected' by some legal error other than those described in the other subcategories").

---

[1] The Board does not dispute that Harrison's substantial rights are implicated by the Board's sanctions.

In response, the Board argues that remand is not necessary or appropriate because the four violations affirmed by the district court—i.e., conclusions of law six (failure to record vital signs), seven (failure to record SRP), eight (failure to maintain written informed consent), and eleven (failure to comply with minimal-sedation rules)—support the Board's sanctions. The Board suggests that even if it is required to reconsider its sanctions in light of the district court's judgment, it could nevertheless assess the exact same sanctions against Harrison because the four existing violations support such sanctions under the disciplinary matrix. But even if the matrix supports the existing sanctions and the Board could assess the same sanctions should it choose to do so—contentions that we do not address—the issue in this appeal is that the existing sanctions were based on conclusions of law and related factors that have since been determined to lack support in substantial evidence. As such, the Board's existing sanctions are "affected by other error of law" and, accordingly, we must remand the case for further proceedings consistent with this opinion. *See* Tex. Gov't Code § 2001.174(2)(D), (F); *see also Texas Dep't of Transp. v. Jones Bros. Dirt & Paving Contractors*, 24 S.W.3d 893, 899 (Tex. App.—Austin 2000), *rev'd on other grounds*, 92 S.W.3d 477 (Tex. 2002) ("Given the general principle that the court may not reweigh the evidence and substitute its own judgment for that of the agency, the APA anticipates that the court will generally remand to the agency when it finds an error of law.").

**Substantial Evidence**

In his second issue, Harrison raises a substantial-evidence challenge to the Board's conclusion of law eight that Harrison failed to obtain written consent to a procedure:

> 8. [Harrison] violated or refused to comply with a law relating to the regulation of dentists and failed to treat Patient 1 according to

9

the standard of care in the practice of dentistry when he failed to maintain written informed consent for the SRP performed on Patient 1 on September 21, 2010 . . . .

This conclusion was based on the Board's Former Rule 108.7(6), which states that dentists:

> Should maintain a written informed consent signed by the patient . . . . Such consent is required for all treatment plans and procedures where a reasonable possibility of complications from the treatment planned or a procedure exists, and such consent should disclose risks or hazards that could influence a reasonable person in making a decision to give or withhold consent.

*See* Former Rule 108.7(6). As support for this conclusion, the Board found that "SRP is a significant procedure that requires written informed consent," and that Harrison "failed to obtain written informed consent prior to performing SRP on Patient 1." On appeal, Harrison argues that this conclusion and its supporting findings of fact are not supported by substantial evidence because "the Board [failed] to introduce substantial evidence that SRP implicates 'a reasonable possibility of complications' or involves 'risks or hazards that could influence a reasonable person in making a decision to give or withhold consent.'" (Quoting parts of Former Rule 108.7(6).) We disagree.

To the extent that Harrison is arguing that the Board was required to make particular findings of fact, we note that such findings of underlying fact are not required in an agency's final order unless an "ultimate fact embodies a mandatory fact finding set forth in the relevant enabling act" or when the ultimate fact finding represents a criterion "that the legislature has directed the agency to consider in performing its function." *Charter Med.-Dall.*, 665 S.W.2d at 451. Stated conversely, when an agency's enabling act does not require it to make any particular finding of fact or does not direct it to consider any particular criterion in determining

10

whether a violation has occurred, the agency is not obligated to make any findings of basic fact at all. *See Galveston County v. Texas Dep't of Health*, 724 S.W.2d 115, 125 (Tex. App.—Austin 1987, writ ref'd n.r.e.) (citing *Charter Med.-Dall.*, 665 S.W.2d at 650–51). The statutory provision at issue here does not require the Board to make any particular finding of fact and does not direct it to consider any particular criterion in determining whether to discipline a dentist for failing to treat a patient according to the standard of care. *See* Tex. Occ. Code § 263.002(a)(4) (authorizing Board to discipline dentist who "fails to treat a patient according to the standard of care in the practice of dentistry").

Further, we conclude that the Board's decision here is supported by substantial evidence. During the contested-case hearing, the Board's expert witness James B. Barnes, D.D.S. explained in detail what SRP involves. And when asked, immediately after reading Former Rule 108.7(6) into the record, whether SRP is a procedure that requires informed consent, Barnes responded:

> In my opinion, yes. People might argue with me, but I think that does meet the situation of informed consent, specifically because of what it means, in that we are dealing with a real disease.

Further, in deposition testimony admitted into evidence at the contested-case hearing, Harrison's expert witness Jonathan Blansett read Former Rule 108.7(6) into the record and agreed that SRP is a procedure that would require informed consent under that rule. Although Blansett later called this deposition testimony into question during his testimony at the contested-case hearing, the factfinder determines witness credibility and was free to weigh this evidence against Barnes's testimony and against Blansett's deposition testimony. *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex. 1984) (reviewing court "may not substitute

11

its judgment for that of the agency on controverted issues of fact"); *Granek*, 172 S.W.3d at 778 (factfinder "determines the credibility of witnesses and the weight to give their testimony").

In sum, the evidence in the record before us provides a reasonable basis for the Board's determination that Harrison failed to treat Patient 1 according to the standard of care in the practice of dentistry when he did not obtain the written informed consent for the SRP performed on Patient 1. *See Charter Med.-Dall.*, 665 S.W.2d at 452–53 ("The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency."). Accordingly, we overrule Harrison's second issue.

## CONCLUSION

Having sustained Harrison's first issue and overruled his second, we reverse that part of the district court's judgment that affirms the Board's sanctions against Harrison, affirm the remainder of the district court's judgment, and remand the case to the district court with instructions to remand the case to the Board for further consideration of sanctions against Harrison. On remand, the Board is limited to exercising its discretion on the assessment of sanctions against Harrison consistent with this opinion. *See* Tex. Gov't Code § 2001.174 (allowing courts to affirm agency decision in whole or in part and remand case for further proceedings if appellant's substantial rights have been prejudiced because decision violates statutory provision or exceeds agency's statutory authority); *Freightliner Corp. v. Motor Vehicle Bd. of Tex. Dep't of Transp.*, 255 S.W.3d 356, 365–66 (Tex. App.—Austin 2008, pet. denied) ("Courts are legislatively empowered to limit the scope of a remand to the part of an order that contains error.").

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Kelly and Smith

Affirmed in Part, Reversed and Remanded in Part

Filed:   January 23, 2020